## MAHONEY et al. v. JOHNSTON, Warden.

### No. 10682.

Circuit Court of Appeals, Ninth Circuit.

Sept. 5, 1944.

Harry Mahoney and Truman Mahoney, in pro. per., for appellants.

Frank J. Hennessy, U. S. Atty., and A. J. Zirpoli, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an order of the district court dismissing appellants' petition below for a writ of habeas corpus to be addressed to the appellee. The appellee moved to dismiss the petition on the ground it fails to state facts sufficient to warrant the issuance of the writ. An order to show cause why the appellee's motion should not be granted was issued. The motion was granted and this appeal followed.

The petition here cannot be disposed of on the merits of the summary manner of Storti v. Commonwealth of Massachusetts, 183 U.S. 138, 143, 22 S.Ct. 72, 46 L.Ed. 120, since the appellee does not admit the truth of the facts alleged in the petition and the sole question is whether the petition tenders an issue to which appellee shall be required to respond.

Appellants robbed the Minden Bank and Trust Company of Minden, Webster Parish, Louisiana, each thereby committing

two offenses: one against the State of Louisiana and one against the United States. They were indicted by the State of Louisiana in Webster Parish on September 9, 1938. They pleaded guilty and the state court sentenced them to confinement at hard labor for from 14 to 28 years and committed them to the Louisiana state penitentiary.

Appellants were indicted for the federal offense by the grand jury of the United States District Court for the Western District of Louisiana. After the state sentence, but prior to the execution of the order of commitment to the Louisiana penitentiary, appellants were surrendered to the United States. They were arraigned and pleaded guilty on the charge of the federal indictment and the Louisiana federal court on October 26, 1938, adjudged a sentence of fifteen years to run concurrently with the state sentence. The following are the pertinent portions of the federal sentence:

"On the first count of the indictment, the defendants, Harry and Truman Mahoney and * * * were each sentenced to serve fifteen years, * * *, in a penitentiary type of institution, said sentence to be concurrent with the sentences from fourteen to twenty-eight years, which said defendants are now presently serving in the Louisiana State Penitentiary, at Angola, * * *."

■ No commitment by the federal court was then made but appellants were surrendered to Louisiana. They then began their imprisonment in the state penitentiary under the state sentence. On May 2, 1939, they were "reprieved from their state sentences by the then Governor of Louisiana and were turned over to the United States authorities, the condition of the release being that if they were released from a federal prison prior to the discharge date of their Louisiana sentences they were to be returned to serve out the balance of those sentences. The petition states that the validity of the reprieve has been questioned by the Louisiana Attorney General, but there is no allegation of facts showing that the United States wrongfully received the custody of the appellants from Louisiana to serve their federal sentences. We are required to assume that the United States properly acquired their custody. If by this action of the state, subsequent to the Federal sentences, the concurrency contemplated by the latter sentences is lost, the federal sentence is not thereby made invalid.

Upon such surrender they were taken into custody by the United States Marshal and on May 5, 1939, the United States District Judge committed them to the custody of the Attorney General. The Attorney General first designated the Federal Penitentiary at Leavenworth, Kansas, for appellants' confinement. He later transferred them to the penitentiary at Alcatraz, California, where they are now held by the appellee warden.

■ A. Appellants do not contend that the sentence is invalid and that they must be returned to the Federal District Court for resentence. They contend that their federal sentence can be served only in the Louisiana state penitentiary—that is, that the court's sentence in effect commits them to that penitentiary. The sentence does not so read and the court has no power to make such a commitment. It must commit the prisoner to the custody of the Attorney General, who determines the particular penitentiary for the prisoner's confinement. 18 U.S.C.A. § 753f.

■ The court's delay for over six months to commit appellants to the Attorney General did not deprive it of jurisdiction to make such a commitment. Convicted men cannot escape punishment by such delay, however much that delay may fail to satisfy the requirement for prompt commitment and give rise to a claim for executive clemency. We hold the commitments valid.

■ B. Appellants contend that they have lost the benefit of a concurrency of at least part of their federal sentence. Whether or not the several months of the confinement in Louisiana is to be deducted from the fifteen years federal sentence, which under 18 U.S.C.A. § 709a does not begin to run till confinement under commitment in jail or penitentiary is a question we cannot consider in this habeas corpus proceeding. Under no construction of the sentences have the appellants yet served their terms of imprisonment. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238. The appellee is now entitled to retain their custody.

Affirmed.