### BANGHART v. SWOPE, Warden.

No. 12166.

United States Court of Appeals
Ninth Circuit.

June 16, 1949.

Basil Banghart, in pro per.

Frank J. Hennessy, U.S. Atty., Joseph Karesh, Asst. U.S. Atty., San Francisco, Cal., for appellee.

Before: MATHEWS, HEALY and ORR, Circuit Judges.

PER CURIAM.

Appellant, to whom we shall hereafter refer as petitioner, an inmate of the United States Penitentiary at Alcatraz, California, petitioned the United States District Court for the Northern District of California, Southern Division, for a writ of habeas corpus. That court issued an order requiring E. B. Swope, Warden, United States Penitentiary, Alcatraz Island, California, to show cause why the said writ should not issue. Said Warden, to whom we shall hereafter refer as respondent, made a return which was traversed by petitioner. The said United States District Court determined from the petition, return and traverse that no factual issue was tendered and that the petition could be determined as a matter of law. The petition was denied and the proceedings dismissed. Petitioner has appealed.

The judgment and sentence entered on May 15, 1934 in the Western District of North Carolina, Ashville Division, under which petitioner was imprisoned, reads in part as follows:

"Ordered and adjudged that the defendant, having been found guilty of said offenses, is hereby committed to the custody

of the Attorney General or his authorized representative for imprisonment for the period of five years on Count No. 1, twenty five years on Count No. 2, two years on Count No. 12, two years on Count No. 3, two years on Count No. 4, these sentences to run consecutively making a total of thirty six years.

"It appearing to the court that the defendant, Banghart, is now under sentence from Cook County, State of Illinois, for a term of ninety nine years imposed by the state court of Illinois, it is ordered that the defendant Banghart be returned to the custody of the Warden of the state prison, at Menard, Illinois, for the completion of his sentence and that the above sentence is to run concurrently with the sentence of ninety nine years."

Petitioner escaped from the Illinois State Penitentiary on October 9, 1942, was later taken into custody, and on January 2, 1943, the Attorney General of the United States ordered that petitioner be transferred from the Illinois State Penitentiary to the United States Penitentiary at Alcatraz. Petitioner contends that the trial court having fixed the place of confinement as the Illinois State Penitentiary the Attorney General of the United States had no power to order his removal to the United States Penitentiary at Alcatraz.

Petitioner relies upon the case of Harrison v. Snook, Warden, D.C., 22 F.2d 169, in support of his contention. That case is not in point insofar as the present proceeding is concerned. Sentence in the Harrison v. Snook case was imposed prior to the enactment of 18 U.S.C.A. § 753f [now § 4082] which changed the rule permitting United States District Courts to designate a state penitentiary as the place of confinement. From the enactment of 18 U.S.C.A. § 753f to the June 14, 1941 amendment trial courts had power to designate the term of imprisonment and the type of institution in which the sentence is to be served, but not the place of confinement. Mahoney v. Johnston, 9 Cir., 144 F.2d 663. The order of the Attorney General of the United States that petitioner be transferred from the Illinois State Penitentiary to the United States Penitentiary at Alcatraz was a lawful exercise of power and petitioner is now lawfully in the custody of respondent at said United States Penitentiary at Alcatraz.

The order of the District Court denying the petition and dismissing the proceedings is affirmed.