**UNITED STATES of America,
Plaintiff,**

v.

**Theodore FRAZIER, Defendant.
No. 33914.**

United States District Court
N. D. California, S. D.

April 11, 1957.

Lloyd H. Burke, U. S. Atty., Richard H. Foster, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

Leo Sullivan, Oakland, Cal., for defendant Theodore Frazier.

HARRIS, District Judge.

Petitioner has filed a motion to correct the sentence imposed by this Court April 22, 1954. At that time he was sentenced to serve a total imprisonment of ten years for violation of the Harrison Narcotic Act, 26 U.S.C.A. § 2553, and the Jones Miller Act, 21 U.S.C.A. § 174, as well as for conspiracy, 18 U.S.C.A. § 371.

When petitioner appeared before the federal court he was within the jurisdiction of the California state authorities, having been sentenced on April 21, 1954 to serve an indeterminate sentence of from six months to ten years for possession of a narcotic drug. He appeared in the federal court under a writ of habeas corpus *ad prosequendam*. The federal sentence was silent as to the prior judgment imposed by the California court.

Petitioner contends that when he commenced his State court sentence his federal term also began in the absence of an express order in the judgment to the effect that the federal sentence should be consecutive with the prior State sentence. Such is not the law.

In Zahn v. Kipp, 7 Cir., 218 F.2d 898, 900, a petitioner made a similar allegation in a habeas corpus proceeding. He contended that he was entitled to credit on his federal sentence for the time served in the Illinois state prison under a State court commitment. The court rejected his contention. It stated that "it would have been better practice to have specified in the judgment herein that the sentence was to take effect or to commence to run from the date when the federal authorities again assumed custody of petitioner." However, such language was not necessary. 18 U.S.C.A. § 3568 provides: "The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence." In the Zahn case the court held that the petitioner did not commence to serve his federal sentence until he had completed his period under state authorities and had been turned over to the Attorney General for confinement in a federal penitentiary. This is also the

law in the Ninth Circuit. Gunton v. Squier, 185 F.2d 470, 471.

When petitioner completed his State court sentence and entered the United States penitentiary at McNeil Island on October 23, 1956, he commenced service of the federal sentence imposed by this Court. The judgment and sentence are not ambiguous and hence require no correction.

Accordingly, It Is Ordered that the motion to correct sentence be, and the same hereby is, Denied.