Sherman A. GODWIN, Appellant,

v.

C. H. LOONEY, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.

No. 5729.

United States Court of Appeals
Tenth Circuit.

Nov. 27, 1957.

Sherman A. Godwin, pro se.

Charles W. Ward, Asst. U. S. Atty., Topeka, Kan. (William C. Farmer, U. S. Atty., Topeka, Kan., and Milton P. Beach, Asst. U. S. Atty., Kansas City, Kan., on the brief), for appellee.

Before PHILLIPS, MURRAH and BREITENSTEIN, Circuit Judges.

PER CURIAM.

Godwin, hereinafter called petitioner, filed an application for a writ of habeas corpus. From an order denying him leave to prosecute his application in

forma pauperis, petitioner has appealed. In his application for the writ, petitioner alleged these facts:

On July 27, 1953, upon a plea of guilty to offenses against the laws of Arkansas, petitioner was sentenced to consecutive terms of imprisonment aggregating 16 years in the State Penitentiary at Varner, Arkansas. Prior to June 22, 1954, an indictment had been returned against petitioner in the United States District Court for the District of Kansas, charging him with transportation of a stolen motor vehicle in interstate commerce in violation of 18 U.S.C.A. § 2312. On June 22, 1954, in accordance with the provisions of Rule 20 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., petitioner was taken before the United States District Court for the Eastern District of Arkansas and entered his plea of guilty to the indictment. Upon such plea of guilty the Arkansas Federal District Court sentenced him to the custody of the Attorney General for imprisonment for a period of five years to run concurrently with the sentence petitioner was then serving in the Arkansas State Penitentiary. Commitment was issued in accordance with the judgment and sentence.

On December 13, 1956, petitioner was released from the Arkansas State Penitentiary and taken into custody by Federal authorities, who, on December 26, 1956, delivered him to the custody of the Warden of the United States Penitentiary at Leavenworth, Kansas. Since the latter date he has remained in custody at the Leavenworth Penitentiary. In his application for the writ petitioner alleges as his ground for discharge that he has fully served the term of his federal sentence.

We shall assume, but not decide, that petitioner is entitled to credit on his Federal sentence for the period he served in the Arkansas State Penitentiary from June 22, 1954, to December 13, 1956.[1] Clearly, he was not en-

1. See Mahoney v. Johnston, 9 Cir., 144 F.2d 663, 664.

titled to credit for the period he served in the Arkansas State Penitentiary prior to June 22, 1954. The Federal sentence could not run concurrently with the period of imprisonment he served in the Arkansas State Penitentiary prior to the imposition of the Federal sentence. A period cannot be concurrent with a period that anteceded it. If petitioner be credited with the period he served in the state institution from June 22, 1954, to December 13, 1956, and the period he has served in the Leavenworth Penitentiary and eight days for each month of good time credit, under 18 U.S.C.A. § 4161, for both of such periods, he would not be entitled to release under the Federal sentence until 1958. It follows under the facts alleged in his petition that petitioner has not fully served his Federal sentence.

The fact that his discharge from the state institution terminated the concurrency relationship between the state sentence and the Federal sentence did not terminate or invalidate the Federal sentence.[2]

In his application for the writ petitioner asserts that he was unlawfully taken into custody by the Federal authorities and delivered to the custody of the Warden of the United States Penitentiary at Leavenworth. He seems to base this contention on the asserted fact that he was not sentenced to the custody of the Attorney General, but the judgment and sentence and the commitment expressly committed him to the custody of the Attorney General or his authorized representative. The Federal Court had no power to commit the petitioner to the State Penitentiary.[3]

Moreover, there is a presumption that public officers will act lawfully and it must be presumed that the Federal authorities, in taking petitioner into custody and transporting him to the Federal Penitentiary at Leavenworth, acted under a lawful process or order.[4]

Since petitioner's application did not allege any facts showing that he is entitled to discharge from custody, the trial court did not err in denying petitioner leave to prosecute his application for the writ in forma pauperis.

2. Mahoney v. Johnston, 9 Cir., 144 F.2d 663, 664.

3. See Mahoney v. Johnston, 9 Cir., 144 F.2d 663, 664 and 18 U.S.C.A. § 4082.

4. Hayward v. Looney, 10 Cir., 246 F.2d 56, 57.