Joe LARIOS, Appellant,

v.

P. J. MADIGAN, Warden, Appellee.

No. 17650.

United States Court of Appeals
Ninth Circuit.
Jan. 26, 1962.

Joe Larios, in pro. per.

Brockman Adams, U. S. Atty., Seattle, Wash., for appellee.

Before BONE, JERTBERG and DUNIWAY, Circuit Judges.

1. "It is adjudged that the defendant is guilty as charged and convicted.

"It is adjudged that the defendant is hereby committed to the custody of the At-

BONE, Circuit Judge.

■ Appellant is confined at the United States Penitentiary at McNeil Island, Washington, He is appealing from the order of the United States District Court for the Western District of Washington, dismissing his application for a writ of habeas corpus. He claims a right to immediate release on the ground that his federal sentence has been served in full. This is a matter properly raised in an application from a federal prisoner for a writ of habeas corpus under 28 U.S.C. § 2241(c).

The record indicates that appellant was indicted by the grand jury of the United States District Court for the Southern District of California for the interstate transportation of a stolen motor vehicle, in violation of 18 U.S.C. § 2312. His presence for trial in San Diego was obtained by the district judge issuing a writ of habeas corpus ad prosequendum. (Appellant was at the time incarcerated in a California state prison.) Appellant pleaded guilty and was sentenced to two years imprisonment. Following sentencing he was removed to a local jail and from there escorted back to the state prison by a deputy United States marshal.

Appellant argues that his federal sentence began to run immediately from the date he was received at the local jail following sentencing. He claims he had, by the terms of the judgment,[1] been committed to the custody of the Attorney General of the United States, for the purpose of serving his federal sentence. This argument is answered completely by Gunton v. Squier, 185 F.2d 470, 9 Cir., 1950, cited by the district judge in his order dismissing the application.

■ The earliest date at which the federal sentence could begin to run was, by the terms of 18 U.S.C., § 3568, the date on which appellant was received at a place of detention "to wait transpor-

torney General or his authorized representative for imprisonment for a period of two years."

tation to the place at which his sentence is to be served." [2] When he was removed to the jail, following sentencing, it was solely for the purpose of awaiting transportation back to the state prison and to the state officials having prior right to custody of him. Gunton v. Squier, supra. The date on which appellant was admitted to jail to await transportation to a place of federal confinement came in May 1961 when he was released by the state authorities and was taken into custody by federal officers pursuant to a detainer which had been lodged against him.

Appellant also argues that the district judge who sentenced him intended that the federal sentence be served at the state prison—concurrently with the state sentence appellant was then serving. He claims that having spent more than two years in the state prison since he received his federal sentence, he is entitled to release from federal custody.

■ The judgment makes no reference at all to the state sentence. Failure of the district judge to specify in his judgment that the federal sentence was to run consecutively with the state sentence is not controlling. While it may be better practice to frame the judgment in such a way as to eliminate any doubt in this regard, failure to do so does not raise a presumption of a concurrent sentence where the court is dealing with a federal sentence and a state sentence, as is here the case. Zahn v. Kipp, 218 F.2d 898,

7 Cir., 1955; United States v. Frazier, 150 F.Supp. 724, N.D.Calif., 1957; United States v. Harrison, 156 F.Supp. 756, D.New Jersey, 1957.

Appellant points to a minute entry made by the sentencing judge stating that he would recommend in a separate letter to the Attorney General that the state prison be designated as the place of federal confinement.[3] The judgment, as has been pointed out before, makes no reference to the state sentence, nor to confinement at the state prison, nor to concurrent state and federal sentences. It merely commits the appellant to the custody of the Attorney General for a period of two years. We are left with no doubt as to the length of the term intended.

■■ Appellant seems to be contending that the recommendation promised by the district judge in his minute entry is proof of the judge's intent that the sentence run concurrently with the state sentence. We cannot accept this argument. The judgment imposes a two year sentence—unqualified in any respect. The promise of the recommendation speaks only of the place of federal confinement. Under 18 U.S.C., § 4082, the designation of the place of federal confinement for one convicted of a crime against the United States is a matter within the exclusive authority of the Attorney General of the United States.[4] This court has long held that it is beyond the authority of the sentencing

2. "§ 3568. Effective date of sentence.
    "The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence * * * If any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention. No sentence shall prescribe any other method of computing the term."

3. The minute entry is dated June 21, 1957, and states:

    "The COURT SENTENCES the defendant to imprisonment for a period of two years.
    "The Court states it will recommend in a separate letter that the State Institution where the defendant is incarcerated be designated as place of Federal confinement."

4. "§ 4082. Commitment to Attorney General; transfer
    "Persons convicted of an offense against the United States shall be committed, for such terms of imprisonment as the court may direct, to the custody of the Attorney General of the United States or his authorized representative, who shall designate the places of confinement where the sentences shall be served * * *."

judge to order where the defendant shall be confined. Rayborn v. Swope, 215 F.2d 604, 9 Cir., 1954; Banghart v. Swope, 175 F.2d 442, 9 Cir., 1949. In the case at bar there is not even an attempted order. There is merely a minute entry promising to make a recommendation. The Attorney General, the sole person authorized by statute to accept such a recommendation, has obviously chosen not to do so.

Affirmed.