Aubrey Thomas HELMS, Appellant,

v.

Olin BLACKWELL, Warden, United States Penitentiary, Atlanta, Georgia, Appellee.

No. 23440.

United States Court of Appeals Fifth Circuit.

Oct. 10, 1966.

F. D. Hand, Jr., Asst. U. S. Atty., Charles L. Goodson, U. S. Atty., Atlanta, Ga., for appellee.

Before RIVES, BELL and THORN-BERRY, Circuit Judges.

PER CURIAM:

Appellant, having been indicted by a federal grand jury for a Dyer Act violation, 18 U.S.C.A. § 2312, and with appointed counsel, entered a plea of guilty. He was sentenced to four years with the sentence to run concurrently with a state sentence he was then serving. Within a few days he was released from state custody and turned over to federal authorities. Thereafter he filed a motion for a writ of habeas corpus in the District Court, alleging that the court had illegally sentenced him since the court did not have the power to impose such a concurrent sentence.

The United States Attorney, relying on United States v. Hough, S.D.Cal., 1957, 157 F.Supp. 771, agreed that the sentencing had been improper. The court was requested to treat appellant's motion as a motion under 28 U.S.C.A. § 2255, and to vacate and correct the sentence. Appellant objected to his motion being given such treatment, and also contended that he had been denied due process of law, and that resentencing would amount to double jeopardy.

The District Court then ruled that the concurrent sentence was improper, set it aside, and resentenced appellant. The sentence was reduced from four to three years. It is appellant's position that the District Court, in fact, granted his petition for the writ of habeas corpus and

was thereafter powerless to resentence him.

The sum of the matter is that the District Court was authorized to consider appellant's motion as a motion to vacate and correct the sentence under § 2255. The court was not bound by the label attached to the motion but rather was under a duty to exercise jurisdiction on the basis of the factual circumstances involved. See Andrews v. United States, 1963, 373 U.S. 334, 83 S.Ct. 1236, 10 L.Ed.2d 383; United States v. Morgan, 1954, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248; Burns v. United States, 8 Cir., 1963, 321 F.2d 893.

The power to resentence is clear. The defendant was not entitled to a decision resulting in his freedom from federal custody. See *In re Bonner,* 1894, 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 149; Brown v. United States, 5 Cir., 1953, 204 F.2d 298, cert. den., 346 U.S. 925, 74 S.Ct. 314, 98 L.Ed. 418; United States v. Hough, supra.

Affirmed.