**Ross H. JOSLIN, Appellant,**

v.

**R. I. MOSELEY, Warden, Appellee.**

**No. 227-69.**

United States Court of Appeals
Tenth Circuit.

Dec. 9, 1969.

Rehearing Denied March 18, 1970.

W. Stanley Churchill, of Martin, Cooper, Churchill & Friedel, Wichita, Kan., for appellant.

Elmer Hoge, Asst. U. S. Atty. (Robert J. Roth, U. S. Atty., on the brief), for appellee.

Before HILL, SETH, and HOLLOWAY, Circuit Judges.

SETH, Circuit Judge.

This is an appeal from an order of the United States District Court for the District of Kansas, denying and dismissing Ross H. Joslin's petition for a writ of habeas corpus.

On December 12, 1967, following a conviction for first degree robbery in Kansas State Court, the appellant was sentenced to ten to twenty years in the Kansas State Penitentiary. In May 1968 the appellant was sentenced on a Dyer Act charge by the United States District Court for the District of Kansas to a term of five years. This judgment

committed the appellant to the custody of the Attorney General or his representative and provided that the sentence was "* * * to be served concurrently to that sentence which the defendant is presently serving in the Kansas State Penitentiary." The Bureau of Prisons then designated the Kansas State Penitentiary as the place for the service of the federal sentence and the appellant was returned to the Kansas officials.

In August 1968 the appellant escaped from the State authorities, but shortly thereafter he was arrested by the FBI and charged with another violation of the Dyer Act. After entering a plea of guilty, the appellant was sentenced by the United States District Court for the Eastern District of Kentucky to a term of three years, "* * * to be served concurrently with the sentence now being served." After designating the federal penitentiary at Leavenworth, Kansas, as the place of confinement, the Bureau of Prisons agreed to redesignate the Kansas State Penitentiary as the place of confinement, if the State of Kansas would accept the appellant to continue service of his State sentence. The Kansas Director of Penal Institutions declined and appellant has remained in the federal penitentiary at Leavenworth.

■■ The appellant in his petition attacks the validity of the sentences imposed in both federal district courts. He urges that a provision in a federal sentence providing that it be concurrent with a State sentence renders the federal sentence void.

We must start our consideration of appellant's position with the statement of the Supreme Court in Bozza v. United States, 330 U.S. 160, at 166, 67 S.Ct. 645, at 649, 91 L.Ed. 818:

"This Court has rejected the 'doctrine that a prisoner, whose guilt is established by a regular verdict, is to escape punishment altogether because the court committed an error in passing the sentence.' In re Bonner, *supra*, 151 U.S. at page 260, 14 S.Ct. at page 327, 38 L.Ed. 149. The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner. * * *"

The only authority cited for the position that concurrency with a State sentence renders the entire federal sentence void is United States v. Hough, 157 F.Supp. 771 (S.D.Calif.1957). This is strongly urged by appellant to support his argument here. There is language in Hough which may be interpreted as so holding; however, a careful reading of that case leaves a great deal of doubt as to whether it was intended to hold that concurrency language renders the entire sentence void. In any event, even if Hough does hold that, it is a decision which has not been followed by the appellate courts, and we do not do so.

Virtually all of the decisions dealing fully with the question have held that a federal court cannot effectively order that the federal sentence be served concurrently with a prior State sentence. Hash v. Henderson, 385 F.2d 475 (8th Cir.); Helms v. Blackwell, 367 F.2d 149 (5th Cir.); Hamilton v. Salter, 361 F.2d 579 (4th Cir.); Bateman v. United States, 277 F.2d 65 (8th Cir.); Montos v. United States, 261 F.2d 39 (7th Cir.).

The Tenth Circuit has decided several cases which deal with the issue. These include Godwin v. Looney, 250 F.2d 72 (10th Cir.), and Werntz v. Looney, 208 F.2d 102 (10th Cir.). In Werntz, the United States District Court for the District of Kansas sentenced the petitioner to twenty years for kidnapping, "* * * sentence [to] run concurrently with the sentence the defendant is now serving in the Kansas State Penitentiary." The Attorney General designated the Kansas State Penitentiary as the petitioner's place of confinement under the federal sentence. Some five years later the petitioner was paroled from the Kansas Penitentiary immediately taken into federal custody and confined in the federal penitentiary at Leavenworth, Kansas. The court held that the confinement was proper and the

balance of the federal sentence had to be served. In Godwin v. Looney, 250 F.2d 72 (10th Cir.), the petitioner was sentenced by a State court to a term of sixteen years, and later he received a federal sentence for five years. The sentence committed the petitioner to the custody of the Attorney General and provided that the sentence was to run concurrently with the State sentence. The petitioner was there released from the State prison and immediately taken to a federal prison for completion of his federal sentence. This court held that the termination of the concurrency relationship because of the discharge from the State penitentiary did not terminate or invalidate the federal sentence. We went on to say:

> "In his application for the writ petitioner asserts that he was unlawfully taken into custody by the Federal authorities and delivered to the custody of the Warden of the United States Penitentiary at Leavenworth. He seems to base this contention on the asserted fact that he was not sentenced to the custody of the Attorney General, but the judgment and sentence and the commitment expressly committed him to the custody of the Attorney General or his authorized representative. The Federal Court had no power to commit the petitioner to the State Penitentiary."

In Bowen v. United States, 174 F.2d 323 (10th Cir.), it was held as between two federal judgments that " * * * the place of confinement was no part of the sentence, but was a matter for the determination of the Attorney General * * *."

As stated previously, the other circuits which have dealt with the issue are virtually unanimous in holding that it is beyond the power of a federal court to order that its sentence be served concurrently with a prior State sentence, and we agree. The courts have said that concurrency language is an attempt to designate the place of imprisonment, and since 18 U.S.C. § 4082 directs the federal courts to commit a person convicted of an offense against the United States

to the custody of the Attorney General and gives the Attorney General the authority to designate the place of confinement, an attempt by the court to designate the place of confinement is ineffective. The language which so attempts to indicate or recommend the place of confinement is thus surplusage or a recommendation as to place of confinement. It is so as an attempt to permit the prisoner to be at a place where he can also serve his State sentence. This is the "place of confinement" and is thus ineffective. We have heretofore held, as described above, that the federal sentence is not invalidated by a termination of a concurrency with a State sentence. It is equally clear that the initial concurrency, although beyond the power of the court, does not render the federal sentence invalid. Hash v. Henderson, 385 F.2d 475 (8th Cir.); Helms v. Blackwell, 367 F.2d 149 (5th Cir.); Hamilton v. Salter, 361 F.2d 579 (4th Cir.); Bateman v. United States, 277 F.2d 65 (8th Cir.); Montos v. United States, 261 F.2d 39 (7th Cir.).

The appellant additionally argues that his Sixth Amendment rights to due process have been violated by the federal authorities in effect permitting the State authorities to increase the appellant's period of confinement by refusing to accept custody of appellant to enable him to complete his State sentence. He also urges that the concurrent sentences were used as an inducement in both the federal courts for appellant's plea of guilty.

The court below fully answered appellant's first contention hereunder saying that it is a matter of comity between two sovereigns to decide between themselves which shall have custody of a convicted prisoner. Godwin v. Looney, 250 F.2d 72 (10th Cir.). Also if the sovereign having prior jurisdiction waives its right to custody, the prisoner does not have standing to object. Hall v. Looney, 256 F.2d 59 (10th Cir.); Stamphill v. United States, 135 F.2d 177 (10th Cir.). The fact that the concurrency contemplated by the federal

sentence is lost because of the action taken by the State of Kansas does not invalidate the federal sentence. Mahoney v. Johnston, 144 F.2d 663 (9th Cir.). We find no basis for, and no merit in the inducement argument.

The appellant lastly contends that the sentences imposed by both federal courts were vague. We find however that the sentences imposed are not vague or indefinite. The federal sentence by the United States District Court for Kansas is clear. The concurring language may be disregarded and Leavenworth is designated by the proper authority as the place of confinement. The federal sentence received in Kentucky is clear and is concurrent with the Kansas federal sentence.

Affirmed.