**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William Lee HERB, Defendant-Appellant.**

**No. 20457.**

United States Court of Appeals,
Sixth Circuit.

Jan. 26, 1971.

Before WEICK, CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

While an escapee from a Georgia state penal institution, appellant was arrested and indicted for violation of 18 U.S.C. § 2312, interstate transportation of a stolen motor vehicle from Georgia to Kentucky. Upon arraignment before the District Court, appellant, through court appointed counsel, plead guilty to the charge and requested that any sentence imposed be made concurrent with any pending Georgia sentence. After accepting the plea, hearing this request, and examining the presentence report, the District Court imposed a three year committed sentence, stating that it "may run concurrent with the sentence he is now serving." In the formal judgment and order of commitment, the Court ordered imprisonment for a period of three years and further stated that: "Imprisonment on above sentence to be served concurrent with sentence now being served."

Pursuant to the judgment and commitment of the appellant to him, the Attorney General ordered the appellant incarcerated in the federal pententiary at Atlanta, Georgia. Shortly thereafter, appellant, through counsel, moved the District Court to order the federal authorities to deliver him to the Georgia authorities so that the federal sentence could be served concurrently with any pending Georgia sentence, as had been provided in the judgment of the Court. The District Court denied the motion and further ordered the concurrency provision stricken from the judgment. This appeal is from the District Court's further denial of appellant's motion for reinstatement of the stricken provision and for reconsideration of the refusal to order the appellant delivered to the Georgia authorities.

We affirm. We note first that at the time the appellant appeared before the District Court, he was an escapee from a Georgia state penal institution. Thus, the statements in open court and

Albert C. Hawes (Court Appointed), Covington, Ky., for appellant.

Robert E. Rawlins, Lexington, Ky. (Eugene E. Siler, Jr., U. S. Atty., Lexington, Ky., on the brief), for appellee.

the recitation in the Court's judgment to the contrary notwithstanding, appellant was not, at the time of his appearance before the Court, serving a state sentence. The concurrency provision containing such recitation was therefore justifiably striken from the record as a correction of a factually erroneous statement. Rule 35, F.R.Crim.P.

 More significant than the factual inaccuracy of the concurrency provision, however, was its legal effect. The applicable statute, 18 U.S.C. § 4082(a) provides:

> "A person convicted of an offense against the United States shall be committed, for such term of imprisonment as the court may direct, to the custody of the Attorney General of the United States, who shall designate the place of confinement where the sentence shall be served."

In accordance with the plain language of the statute, it has been uniformly held that designation of the place of confinement of a person convicted of an offense rests exclusively with the Attorney General of the United States, and that any provision in a judgment that the federal sentence is to run concurrently with a state sentence is legally ineffectual as an attempt by the Court to designate the place of confinement. E. g., Joslin v. Moseley, 420 F.2d 1204, 1205 (10th Cir. 1969); Hash v. Henderson, 385 F.2d 475, 477 (8th Cir. 1967); Lawrence v. Willingham, 373 F.2d 731, 732 (10th Cir. 1967); Hamilton v. Salter, 361 F.2d 579, 581 (4th Cir. 1966); Montos v. United States, 261 F.2d 39, 40 (7th Cir. 1958). We recognize that district courts not infrequently recommend that the federal sentence be served concurrently with prior state sentences, and that the Attorney General normally complies with such recommendation by designating an appropriate state penal institution as the place of confinement under the federal sentence. Nonetheless, such concurrency provision in the judg-

ment of the Court is nothing more than a recommendation and is not binding on the Attorney General. Joslin v. Moseley, *supra*; Hash v. Henderson, *supra*; Hamilton v. Salter, *supra*.

Thus the District Court here was without jurisdiction to grant the substance of the appellant's request that he be delivered to the Georgia authorities so that his federal sentence could be served concurrently with any pending state sentence; the Attorney General was vested with the exclusive discretion in the designation of his place of confinement. And since the concurrency provision in the District Court's judgment and order of commitment was of no legal force or effect, its subsequent excision by the Court resulted in no prejudice to the appellant.

Since no other issue is presented on this appeal by the appellant through his counsel, the judgment of the District Court is affirmed.