**Robert Willard ADAMS, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**Civ. No. 72–202 Phx.**

United States District Court,
D. Arizona.

April 26, 1972.

Robert Willard Adams, pro se.

## ORDER

CRAIG, District Judge.

Petitioner, in federal custody pursuant to convictions of the crimes of possession of stolen government property (Count I), Title 18 U.S.C. § 641, and burglary of a United States Post Office (Count II), Title 18 U.S.C. § 2115, seeks leave to file in forma pauperis a motion to vacate sentence pursuant to Title 28 U.S.C. § 2255. The motion may be filed.

Petitioner was sentenced to a term of imprisonment of six years on Count I and three years on Count II, said sentences to run concurrently. It was further ordered that the sentences were to run "concurrently with any term of imprisonment to be served by the defendant in the state penitentiary for the State of Tennessee". The Attorney General designated Leavenworth as petitioner's place of confinement.

Petitioner complains because he was not returned to the Tennessee authorities for action on his parole violation. He contends this prevents him from serving his federal sentences concurrently with the state sentence as ordered by the judge. While petitioner's assessment of the situation is correct, he is not entitled to relief in this proceeding.

Title 18 U.S.C. § 4082(a) gives the Attorney General the power to designate the place of confinement where the sentence is to be served. The Court in United States v. Herb, 436 F.2d 566 (6th Cir. 1971) considered a similar contention and reached the following conclusion:

"In accordance with the plain language of the statute, it has been uniformly held that designation of the place of confinement of a person convicted of an offense rests exclusively with the Attorney General of the United States, and that any provision in a judgment that the federal sentence is to run concurrently with a state sentence is legally ineffectual as an attempt by the Court to designate the place of confinement. [Citing cases] . . . [S]uch concurrency provision in the judgment of the Court is nothing more than a recommendation and is not binding on the Attorney General. [Citing cases] Thus the District Court here was without jurisdiction to grant the substance of the appellant's request that he be delivered to the Georgia authorities so that his federal sentence could be served concurrently with any pending state sentence; the Attorney General was vested with the exclusive discretion in the designation of his place of confinement."

436 F.2d at 568. See also Joslin v. Moseley, 420 F.2d 1204 (10th Cir. 1969); Larios v. Madigan, 299 F.2d 98 (9th Cir. 1962).

Moreover, the inclusion of the concurrency provision in the judgment

did not render the sentence void for indefiniteness. Joslin v. Moseley, *supra.*

It is ordered that petitioner's motion to vacate sentence is denied.