The Attorney General is in receipt of your letter requesting an official opinion where, in effect, you ask the following questions: 1) Under the provisions of Title 21 O.S. 61 [21-61], and for purposes of calculating the date of discharge, what is the commencement date of a sentence where the judgment and sentence of the conviction specifies that the sentence is to run concurrently with a prior uncompleted sentence? 2) In the event the term of imprisonment imposed in the subsequent sentence to be served concurrently exceeds the term by imprisonment of the prior uncompleted sentence, does the concurrent sentence expire upon the discharge of the underlying, uncompleted sentence? Title 21 O.S. 61.1 [21-61.1] (1979), effective May 3, 1979, provides: "When any person is convicted of two (2) or more crimes in the same proceeding or court or in different proceedings or courts, and the judgment and sentence for each conviction arrives at a state penal institution on different dates, the sentence which is first received at the institution shall commence and be followed by those sentences which are subsequently received at the institution, in the order in which they are received by the institution, regardless of the order in which the judgments and sentences were rendered by the respective courts, unless a judgment and sentence provide that it is to run concurrently with another judgment and sentence, provided that this section shall not affect the credits allowed under 57 O.S. 138 [57-138] of the Oklahoma Statutes." Added by Laws 1979, c. 135, 1, emerg. eff. May 3, 1979. (Emphasis added) Your two questions appear to contemplate that the word "concurrent" means not only that the sentences are to run together, but that they are to start and end together. Title 21 O.S. 61.1 [21-61.1] (1979) permits the imposition of concurrent sentences when a defendant is convicted of two or more crimes in the same proceeding and court or in different proceedings or courts, and it contemplates having a second sentence run concurrently where the defendant has already served part of the term imposed for the prior conviction. However, a sentence cannot be concurrent with a sentence that anteceded it. Godwin v. Looney, 250 F.2d 72 (10th Cir. 1957). Likewise, there is no provision under 21 O.S. 61.1 [21-61.1] that the first term operates to terminate or reduce the second or subsequent term. Ex parte Roberts, Cal., 255 P.2d 782
(1953). It is, therefore, the opinion of the Attorney General that: (1) Under the provisions of Title 21 O.S. 61.1 [21-61.1] (1979), and for purposes of calculating the date of discharge, a judgment and sentence which specifies that the sentence is to run concurrently with a prior uncompleted sentence shall commence on the date it is received at the state penal institution, and (2) Where concurrent sentences are imposed for two (2) or more crimes in the same proceeding or court or in different proceedings or courts, the sentences run together during the time that the periods overlap; and the new or longer term does not terminate at the same time as the prior or shorter term. (JANET L. COX) (ksg)