**STATE of Minnesota, Respondent,**

v.

**Craig M. DUGAN, Appellant.**

**No. C1–83–1947.**

Court of Appeals of Minnesota.

May 8, 1984.

William R. Kennedy, Hennepin County Public Defender, LaJune T. Lange, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Thomas L. Johnson, Hennepin County Atty., Richard Osborne, Asst., County Atty., Minneapolis, for respondent.

Considered and decided by WOZNIAK, P.J., and HUSPENI and NIERENGAR-TEN, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Craig Dugan pleaded guilty to an aggravated driving violation pursuant to a plea negotiation on September 21, 1983. On September 26, 1983, he attempted to withdraw the plea, but the motion was denied and judgment entered. Dugan appeals. We affirm.

## FACTS

On October 21, 1982, Craig Dugan and a fellow worker were out drinking. Since his fellow worker was drunk, Dugan decided to drive. Near the intersection of County Road 9 and County Road 156, a police officer saw Dugan go through a flashing

red stop light and weave back and forth in his lane. The officer pulled Dugan over.

A breathalyzer test showed that Dugan's blood alcohol level was .12%. A check of records showed that Dugan's license had been revoked in July of 1980 and not reinstated. Dugan was charged with an aggravated driving violation (Minn.Stat. § 169.129 (1982)) and faced possible execution of a stayed workhouse sentence from his prior misdemeanor DWI conviction.

A trial date was set for January 18, 1983, but Dugan failed to appear. A bench warrant was issued and he was arrested and jailed on July 24, 1983. On August 18, 1983, a judge executed the previously stayed 60-day workhouse sentence, giving Dugan credit for the 25 days he had spent in jail since his arrest. Dugan served the additional 35 days in the workhouse. He completed his sentence on September 21, 1983.

Dugan negotiated a plea on the aggravated driving charge on August 23, 1983. The terms of the agreement were placed in writing:

> Plea of guilty as charged. State recommends that any Workhouse time be limited to 180 days. All other terms and conditions of probation are up to the court. State does not oppose running workhouse time concurrent to sentence on other pending misdemeanor cases.

On September 21, 1983, the last day of his 60-day workhouse sentence, Dugan appeared before the trial judge on the aggravated driving charge. The prosecutor questioned Dugan extensively about his understanding of the negotiation.

Q. Just so that we're clear on the negotiation, Mr. Dugan, you do understand, having talked with your lawyer, that the State is going to limit—or, recommend, rather, to the Court that the limit on your sentence be six months in the workhouse, and that you could do six months more time after today. You understand that, don't you?

A. You mean, additional six months, now?

Q. Additional six months, because you were going to be discharged today and so there is no concurrent—there is nothing for this to be running concurrent today, since you're getting out, but that the Court has indicated that he would give you credit for the last month that you were in the workhouse because that's when your attorney and I settled this negotiation, so probably you could do five more months in jail—up to five more months in jail.

. . . . .

THE COURT: Question is, is it satisfactory with the defendant?

THE DEFENSE ATTORNEY: That's what the Court wants to know, if that's satisfactory with you.

THE DEFENDANT: Yes, sir, Your Honor.

He pleaded guilty and the court sentenced him to 180 days in the workhouse with 30 days' credit for the time served from the time of the agreement until sentencing. Dugan asked that he be allowed to serve his time on weekends, but did not object to the sentence. Five days later, Dugan attempted to withdraw his plea, but his motion was denied.

## ISSUE

Did the trial court follow the plea agreement?

## ANALYSIS

In Minnesota, "if the court does not approve the plea agreement, he [the defendant] has an absolute right to withdraw his plea of guilty and have a trial." Minn.R. Crim.P. 15.04. Dugan claims that to follow the agreement, the trial court would have had to run his two sentences concurrently. His interpretation of concurrent sentencing is that he must be given 60 days' credit for the time he had already served in the workhouse.

Under the terms of the agreement, no concurrent sentence was promised. The promise was that workhouse time would be limited to 180 days and that the state

would not "oppose running workhouse time concurrent to sentence on other pending misdemeanor cases." Even clearer, the agreement grants the court discretion in all other matters: "All other terms and conditions of probation are up to the court."

Even if the trial court had to run the sentences concurrently, they could have run concurrently for one day at most. Sentences can run concurrently only when the periods of service overlap. *Williams v. State,* 280 N.W.2d 406 (Iowa 1979). Since Dugan finished serving his misdemeanor sentence the same day that he pleaded guilty to the aggravated driving charge, the sentences overlapped on only one day. Neither was Dugan due any credit for his previous sentence. The agreement specified nothing about such a credit and he had no legal right to such a credit. *Godwin v. Looney,* 250 F.2d 72, 74–75 (10th Cir.1957).

The trial court followed the terms of the agreement, even granting 30 days' credit not necessarily due under the agreement. Dugan has no right to withdraw his guilty plea.

### DECISION

The trial court followed the plea agreement. The defendant had no right to withdraw his guilty plea.

Affirmed.