**UNITED STATES of America,
Respondent,**

v.

**Eric Roshawn SMITH Movant.**

**Nos. EDCR 96–031 RT,
EDCV 04–006RT.**

United States District Court,
C.D. California.

March 18, 2004.

Debra W. Yang, United States Attorney, Steve D. Clymer, Special Assistant U.S. Attorney, Chief, Criminal Division, Bruce Riordian, Assistant U.S. Attorney, Los Angeles, CA, for Respondent United States of America.

Eric Roshawn Smith, Federal Correctional Institution, Terminal Island, CA, for Petitioner Eric Roshawn Smith.

ORDER 1) GRANTING MOVANT ERIC ROSHAWN SMITH'S MOTION FOR CORRECTION OF SENTENCE, PURSUANT TO 28 U.S.C. § 2255, WHICH MOTION IS CONSTRUED TO BE A PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2441; AND 2) DIRECTING THE UNITED STATES BUREAU OF PRISONS TO RECALCULATE HIS FEDERAL PRISON TERM

TIMLIN, District Judge.

The court, Judge Robert J. Timlin, has read and considered movant Eric Roshawn Smith ("Smith")'s motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (" § 2255"), respondent United States of America's ("United States")'s response ("Response"), and Smith's reply. Based on such consideration, the court concludes as follows:

I.

### FACTUAL BACKGROUND [1]

On June 25, 2001, Smith was sentenced by this court to a term of 78 months imprisonment in the underlying federal criminal case. In its sentencing order, this court stated that the term was to be served concurrently with the state sentence that Smith was serving pursuant to an unrelated state conviction.

The date of the federal offenses and the date of Smith's arrest on those offenses are both August 7, 1996. Smith was released from federal custody on bond on November 26, 1996. While free on bond, he was arrested for a state offense on March 12, 1999.

On April 6, 1999, this court ordered a bench warrant in the underlying federal criminal case for Smith's apprehension, based on an alleged violation of a condition of his release not to violate any law while on bail. The alleged violation was based on the unrelated state offense. There is no evidence before this court that the warrant was not served on the State custodial officials as a detainer-hold.

On December 16, 1999, he was sentenced by the state court to five years on the state offense. While serving his custodial sentence on the state offense, Smith was removed from California state custody by a writ of *habeas corpus ad prosequendum* on November 22, 2000 to complete the federal criminal proceedings. On December 21, 2000, Smith pled guilty to Count 2 of the Indictment and, on June 25, 2001, he received a sentence of 78 months in this court on his federal offense, to be

---

**1.** A substantial portion of this Factual Background is derived from documents filed in *United States of America v. Eric Roshawn Smith,* EDCR 96–31–RT (underlying criminal case) and particularly those Exhibits A through L attached to Smith's motion for clarification of judgment and commitment orders filed on December 31, 2003. The court has taken judicial notice of those exhibits and their content.

served concurrently with his state sentence.

It appears from the documents in the underlying federal criminal case that Smith never returned to state custody. Further, there is a suggestion in those documents that the state court judge stated that he did not object to Smith serving his state prison sentence in a federal prison.

In calculating the pre-sentence custody credit to be granted to Smith for time served, the Bureau of Prisons ("BOP") began the federal sentence on June 25, 2001. The BOP credited Smith with the 112 days he served in federal custody before being released on bond (August 7, 1996 to November 26, 1996), plus 279 days for the time he served in state custody before being sentenced by the state court (March 12, 1999 to December 15, 1999), for a total of 391 days credit. Under that calculation, Smith would be projected to be released on January 27, 2006, assuming that he receives all available good time credit. The BOP did not credit Smith with the custody time he served between December 16, 1999 and June 25, 2001, which totals over 18 months (the period between the date of his state sentence and the date of his federal sentence).

██ Smith filed the instant § 2255 motion on December 31, 2003, alleging that the BOP's calculation of his pre-sentence custody credit fails to account for this court's order that the federal and state sentences run concurrently. The United States in its response agrees, and suggests that this court correct Smith's sentence by

reducing it 15 months, from 78 months to 63 months.[2]

## II.

### ANALYSIS

The court considers Smith's § 2255 motion liberally, *see Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (holding *pro se* motions and complaints "to less stringent standards than formal pleadings drafted by lawyers...."). Smith has moved this court, pursuant to § 2255, for a correction of his sentence to reflect the time he served in state custody from the date of his state sentence to the date he was sentenced by this court in the underlying federal criminal case.

██ A district court does not have the authority to compute sentence credits for the time a defendant is detained prior to sentencing, *see United States v. Wilson*, 503 U.S. 329, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). However, once administrative remedies are exhausted, *see* 28 C.F.R. §§ 542.10–542.16, prisoners may then seek judicial review of any pre-sentence custody credit determination by the BOP, *see Wilson*, 503 U.S. at 335, 112 S.Ct. at 1355, by filing a habeas corpus writ petition under 28 U.S.C. § 2241 (" § 2441"). *Benny v. U.S. Parole Com'n.* 295 F.3d 977, 988 (9th Cir.2002); *Tucker v. Carlson*, 925 F.2d 330, 331–32 (9th Cir.1991); *Larios v. Madigan*, 299 F.2d 98 (9th Cir.1962). It is undisputed that Smith has fully exhausted his administrative remedies before the BOP, and so the issue of whether the BOP correctly computed Smith's pre-sentence custody credit is now properly before this

**2.** The United States suggests that this court correct Smith's sentence by using United States Sentencing Guideline 5G1.3(b) ("5G1.3(b)") in conjunction with Fed. R.Crim.P. 36 ("Rule 36"). However, Rule 36 is only to be used to make clerical corrections to sentences, and may not be used by this court to substantively change Smith's sentence. *See United States v. Corey*, 999 F.2d 493 at 496–97 (10th Cir.1993); *United States v. Werber*, 51 F.3d 342, 347 (2nd Cir.1995); *United States v. Fraley*, 988 F.2d 4, 5–6 (4th Cir.1993).

court. The court will accordingly construe the instant § 2255 motion as being a petition for a writ of habeas corpus brought pursuant to § 2441.

■ According to 18 U.S.C. § 3585(b) (" § 3585(b)"):

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-

   (1) as a result of the offense for which the sentence was imposed; or

   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

Under § 3585(b), a defendant serving concurrent state and federal sentences is entitled to pre-sentence custody credit against his federal sentence for all of his presentence incarceration, whether in federal or state custody, if the state custody resulted from conviction of an offense that occurred after the commission of the federal offense. *Kayfez v. Gasele*, 993 F.2d 1288, 1289–90 (7th Cir.1993); *Cozine v. Crabtree*, 15 F.Supp.2d 997, 1023 (D.Or. 1998).

The BOP, in denying Smith's administrative appeals, stated that "the earliest date a federal sentence can commence is the date it is imposed." BOP Sentence Computation, October 2, 2002. This statement may literally be true. But once the sentence is imposed, the prisoner is entitled to credit against the term of imprisonment for pre-sentence custody prior to the date the sentence commences. § 3585(b) mandates that a defendant "shall" be given credit for time spent in official detention *"prior to the date the sentence commences."*

Section 3585(b) applies in the instant case. Smith committed the state offense for which he was arrested and detained after the commission of the federal offense for which the sentence at issue was imposed. Furthermore, there has been no allegation or evidence presented that the 18 months at issue have been credited against another sentence. The BOP's application of § 3585(b) conflicts with the plain language of the statute, and ignores the mandatory nature of the pre-sentence custody credit to be given Smith.

Although the United States did not reacquire physical custody of Smith by the federal writ of habeas corpus *ad prosequendum* until November 22, 2000, § 3585(b) specifies that *any time* spent in "official custody" shall be credited to the defendant, not just time spent in actual federal custody.[3] Therefore, the court concludes that the BOP should have credited Smith with pre-sentence custody credit for the time he served between the dates of December 16, 1999 and June 25, 2001, and it erred in not doing so.

## III.

### DISPOSITION

*ACCORDINGLY, IT IS ORDERED THAT:*

   (1) Movant Eric Roshawn Smith's petition for a writ of habeas corpus un-

---

**3.** In the absence of any evidence to the contrary, the court presumes that its bench warrant which issued on April 6, 1999 in the underlying federal criminal case was executed shortly thereafter by proper service on the state-authorized custodial officials and, therefore, resulted in a federal detainer-hold on Smith covering the period December 16, 1999 through June 25, 2001. Consequently, Smith was in federal custody during that period. *See Kayfez v. Gasele*, 993 F.2d at 1289.

der 28 U.S.C. § 2441 is GRANTED; and

(2) The Bureau of Prisons shall recalculate the length of Movant's federal prison term in the underlying federal criminal case to reflect pre-sentence custody credit for the period of December 16, 1999 through June 25, 2001.