**Eddie Montez LEDESMA, Petitioner-Appellant,**

**v.**

**UNITED STATES of America, Respondent-Appellee.**

**No. 71–1453.**

United States Court of Appeals, Fifth Circuit.

July 15, 1971.

Eddie M. Ledesma, pro se.

Eldon B. Mahon, U. S. Atty., W. E. Smith, Asst. U. S. Atty., Ft. Worth, Tex., for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

The appellant, a federal prisoner in the United States Penitentiary at Leavenworth, Kansas, appeals the denial of his styled § 2255 motion by the Unit-

ed States District Court for the Northern District of Texas. We affirm.[1]

In his motion to vacate the appellant contends that he is being subjected to cruel and unusual punishment because he has not been confined at a medical institution for treatment of narcotic addiction, as was recommended by his sentencing court.

The court below held that:

" * * * it is the responsibility of the Attorney General to designate the place at which a convicted prisoner is to serve his sentence and receive medical treatment, if any is needed. 18 U.S.C., Section 4082. He is free to accept or reject the recommendation of the sentencing court as to the place of confinement. Hash v. Henderson, 8 Cir., 385 F.2d 475 (1967); United States v. McIntyre, D.C.N.Y., 271 F. Supp. 991 (1967).

"Only in an exceptional case will a federal court review an abuse of discretion by the Attorney General in prescribing conditions of confinement. Holland v. Ciccone, 8 Cir., 386 F.2d 825 (1967); Peek v. Ciccone, 288 F. Supp. 329 (1968). In such a case, the question is that of prison administration and not that of the validity of the underlying conviction and sentence. Rather than being a collateral attack under 28 U.S.C., Section 2255, the relief sought is in the nature of a writ of habeas corpus under 28 U.S.C., Section 2241. As such, this Court is without jurisdiction, since the petitioner is not confined in this District. See Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1968)."

Not only is the district court's analysis of the appellant's available remedy correct, but also a petition for habeas relief by the appellant would be premature at this time since he has failed to allege that he has exhausted his administrative remedies by application to the Director of the Bureau of Prisons. See Williams v. United States, 5th Cir. 1970, 431 F.2d 873.

The judgment below is affirmed.

Affirmed.

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.