UNITED STATES of America, Plaintiff-Appellee,

v.

Richard G. NAAS, Defendant-Appellant.

No. 84–3182.

United States Court of Appeals, Fifth Circuit.

March 25, 1985.

1134

Helen G. Roberts, Baton Rouge, La., Samuel S. Dalton, New Orleans, La., for defendant-appellant.

John P. Volz, U.S. Atty., Harry W. McSherry, Constantine D. Georges, Asst. U.S. Attys., New Orleans, La., for plaintiff-appellee.

Before THORNBERRY, REAVLEY, and HIGGINBOTHAM, Circuit Judges.

HIGGINBOTHAM, Circuit Judge:

Richard G. Naas appeals the denial of his Rule 35(a), Fed.R.Crim.P., motion to correct an illegal sentence. Finding the district court's alteration of Naas' sentence violative of the constitutional guarantee

against double jeopardy, we reverse and remand.

## I

On November 19, 1975, Richard G. Naas was convicted in federal court of six counts of bank embezzlement. 18 U.S.C. § 656. The district court suspended imposition of sentence on the five counts at issue here [1] and placed Naas on five years of probation. On February 10, 1979, Naas was convicted of second degree murder in Louisiana state court and sentenced to life imprisonment. *See State v. Naas*, 409 So.2d 535 (La.1981), *cert. denied*, 457 U.S. 1119, 102 S.Ct. 2933, 73 L.Ed.2d 1332 (1982). On June 7, 1982, the federal district court revoked Naas' probation and orally rendered sentence, reduced to written judgment as follows:

> ... the defendant, Richard G. Naas, is now committed to the custody of the Attorney General or his duly authorized representative for imprisonment for a period of two (2) years on each of counts 4, 5, 8, 10 and 11. Sentences on these counts are to run concurrently with the sentence defendant is now serving as a result of the conviction in the State of Louisiana, Parish of Ouachita, Fourth Judicial District, Monroe, Louisiana, of second degree murder.

No mention was made, in either oral pronouncement or written order, as to whether the five two-year terms were to run concurrently with or consecutively to each other. Naas was returned to state prison. On June 25, 1982, the Attorney General designated the state prison as the place where Naas was to serve his federal sentence.

On August 20, 1982, Naas moved the federal court to correct a clerical error in its sentence, Fed.R.Crim.P. 36, or alternatively to reduce his sentence under Rule 35(b), Fed.R.Crim.P. Naas asserted that, contrary to his prison records, the district court had sentenced him to *concurrent* federal terms. On September 22, 1982, the district court denied Naas' motions, stating that it intended the federal sentences to be served consecutively. Naas did not appeal.

On January 16, 1984, Naas moved to correct an illegal sentence, Fed.R.Crim.P. 35(a), alleging that the district court's direction in September that the sentences were to run consecutively placed him twice in jeopardy. The district court denied the motion, concluding that it did not allege that the sentence was illegal or imposed in an illegal manner; that it was in reality an untimely request for a reduction in sentence; and that it only iterated the allegations in Naas' previously denied motions. Naas appeals the denial of this motion.

## II

■ We disagree with the district court's reading of the bases of Naas' motion.[2] Naas did allege his sentence was "illegal" by contending it subjected him to double jeopardy. *See United States v. Counter*, 661 F.2d 374, 376 (5th Cir.1981). His motion was not untimely, for an illegal sen-

---

1. The court also fined Naas $2,500 on one of the five counts for which imposition of imprisonment was suspended and sentenced him to two years imprisonment on the sixth count. Naas paid the fine and served his federal sentence before his state court conviction. As he does not appeal this satisfied sentence, and as we narrowly view a federal "sentence" as "the *specific* consequence of a *specific* violation of a *specific* federal statute," *United States v. Henry*, 709 F.2d 298, 310 (5th Cir.1983) (en banc) (emphasis in original), we deal here only with the five counts for which probation was revoked and sentence imposed.

2. Fed.R.Crim.P. 35 provides:
   (a) Correction of Sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.
   (b) Reduction of Sentence. The court may reduce a sentence within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review or, of having the effect of upholding, a judgment of conviction or probation revocation. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

tence may be corrected "at any time" under Rule 35(a). Nor was Naas renewing his request that the court exercise its discretionary leniency. Fed.R.Crim.P. 35(b).

■ The district court, in revoking Naas' probation and imposing sentence on June 7, 1982, did not state whether the two-year punishment on each of the five federal counts ran concurrently or consecutively. Naas contends that this omission rendered them presumptively concurrent. The court's September order that they were to run consecutively, he argues, increased his sentence after he had commenced serving it and thus violated the Fifth Amendment guarantee against double jeopardy. We agree.

■ This circuit adheres to the rule whereby " '[a]bsent clear language to the contrary, it is presumed that sentences imposed on more than one offense at the same time, or at different times, will run concurrently.' " *Schurmann v. United States,* 658 F.2d 389, 391 (5th Cir.1981), *quoting Schultz v. United States,* 384 F.2d 374, 375 (5th Cir.1967). *See also United States v. Wenger,* 457 F.2d 1082, 1083–84 (2d Cir.), *cert. denied,* 409 U.S. 843, 93 S.Ct. 44, 34 L.Ed.2d 83 (1972); *Borum v. United States,* 409 F.2d 433, 440 (D.C.Cir. 1967), *cert. denied,* 395 U.S. 916, 89 S.Ct. 1765, 23 L.Ed.2d 230 (1969). The district court's oral sentence and later written judgment are substantially identical. They do not indicate whether the district court intended the federal sentences to be consecutive or concurrent. *Cf. Schurmann,* 658 F.2d at 391 (written order supplies "clear language," absent from pronouncement, indicating court's intent to sentence defendant to consecutive terms). The district court's imposition of two-year sentences for "each" count is not "clear language." Nor, as the Government also contends, does the absence of such language render the sentence "illegally" ambiguous, *United States v. Patrick Petroleum Corp. of Michigan,* 703 F.2d 94, 98 (5th Cir.1982), and hence ripe for clarification under Rule 35(a). *See United States v. Allen,* 588 F.2d 183, 185 (5th Cir.1979); *Llerena v.*

*United States,* 508 F.2d 78, 80 (5th Cir. 1975) (no double jeopardy bar to correcting illegal sentence). A court has the duty to express its sentencing intent with "fair certainty." *Patrick Petroleum Corp.,* 703 F.2d at 98. The presumption that sentences are to run concurrently places "the burden squarely on the prosecutor and judge to affirmatively suggest and impose the longer [consecutive] sentence," *Wenger,* 457 F.2d at 1084, and thus resolves any ambiguity in favor of the defendant.

■ The Government finally urges that the district court's imprecision did not engage the presumption because the parties "knew or should have known" of the court's intent to impose consecutive sentences. Only clear evidence that the defendant knew of the court's intent, however, can rebut the presumption. *See, e.g., Wenger,* 457 F.2d at 1086; *Rosso v. Aderhold,* 67 F.2d 315, 316 (5th Cir.1933). Nothing in the record suggests "beyond doubt," *Wenger,* 457 F.2d at 1086, that Naas knew the court intended to impose consecutive federal sentences. Naas' initial motions, in fact, indicate that both he and his attorney thought the court imposed concurrent sentences. Absent evidence rebutting this alleged misapprehension or any clear sentencing language to the contrary, the two-year per count sentences imposed on June 7, 1982 ran concurrently.

■ The district court's September 22, 1982 order clarifying its earlier intention to impose consecutive federal sentences thus constituted a new sentence that increased Naas' punishment from two to ten years. The Fifth Amendment prohibition against resentencing for the same offense, however, bars an increase in a legal sentence once it has been imposed and the defendant has commenced serving it. This holds true even if the court alters the sentence solely to conform to its original intent. *See Llerena,* 508 F.2d at 80; *Chandler v. United States,* 468 F.2d 834, 836–37 (5th Cir. 1972); *Schultz,* 384 F.2d at 375. *See also United States v. Best,* 571 F.2d 484, 486 (9th Cir.1978); *Borum,* 409 F.2d at 440–41. *But see United States v. Busic,* 639 F.2d

940 (3d Cir.), *cert. denied,* 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981) (permitting increase in legal sentence even after service has commenced). If, however, Naas had not yet commenced serving his federal sentence, the district court could timely modify it to reflect its original sentencing intent. *See Williams v. United States,* 422 F.2d 1318 (5th Cir.1970). *See also United States v. Jefferson,* 714 F.2d 689, 706 (7th Cir.1983); *United States v. Ford,* 632 F.2d 1354, 1380–81 (9th Cir. 1980), *cert. denied,* 450 U.S. 934, 101 S.Ct. 1399, 67 L.Ed.2d 369 (1981); *United States v. Davidson,* 597 F.2d 230, 233 (10th Cir.), *cert. denied,* 444 U.S. 861, 100 S.Ct. 127, 62 L.Ed.2d 83 (1979); *United States v. DiLorenzo,* 429 F.2d 216, 221 (2d Cir.1970), *cert. denied,* 402 U.S. 950, 91 S.Ct. 1609, 29 L.Ed.2d 120 (1971); *United States v. Byars,* 290 F.2d 515, 516 (6th Cir.), *cert. denied,* 368 U.S. 905, 82 S.Ct. 185, 7 L.Ed.2d 99 (1961).

■ Naas was returned to Louisiana state prison after his probation was revoked and sentences imposed and he has never been "received" at a federal institution for service of the federal counts. 18 U.S.C. § 3568; 28 C.F.R. § 2.10(a).[3] The district court, however, ordered that Naas' federal sentences "run concurrently with the sentence defendant is now serving as a result of the conviction in the State of Louisiana...." This effectively designated where Naas was to be confined, a power exercisable only by the Attorney General. *United States v. Allen,* 588 F.2d 183, 185 (5th Cir.1979). *See* 18 U.S.C. § 4082(a).[4] A court can only recommend that the Attorney General designate the state facility as the place for federal service. *United States v. Aleman,* 609 F.2d 298, 309 (7th Cir.1979), *cert. denied,* 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 780 (1980); *United States v. White,* 540 F.2d 409, 411 (8th Cir.1976); *Ledesma v. United States,* 445 F.2d 1323, 1324 (5th Cir.1971).

The record indicates, however, that the Attorney General followed the district court's recommendation and, on June 25, 1982, designated the Louisiana State Penitentiary as the place where Naas was to serve his federal sentence. 18 U.S.C. § 4082(b). The Government argues that this designation is ineffective because it reflects a ten- rather than two-year federal sentence. We disagree. The sentencing prerogatives are well-defined. Just as a court may not trespass on the Attorney General's right to select the place of confinement, neither can the executive usurp the court's power to set the term of imprisonment. *See* 18 U.S.C. § 4082(a).

■ Jeopardy attached then when Naas was returned to the state facility in June of

---

**3.** 18 U.S.C. § 3568 provides:

The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is *received* at the penitentiary, reformatory, or jail for service of *such* sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed. As used in this section, the term "offense" means any criminal offense, other than an offense triable by court-martial, military commission, provost court, or other military tribunal, which is in violation of an Act of Congress and is triable in any court established by Act of Congress.

If any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.

*No sentence shall prescribe any other method of computing the term.*

(emphasis added). *See also Polakoff v. United States,* 489 F.2d 727, 730 (5th Cir.1974) ("custody" for purposes of federal credit is "characterized by incarceration; a federal sentence does not begin to run, ... until the prisoner is received at the place of imprisonment"); *Scott v. United States,* 434 F.2d 11, 21 (5th Cir.1970) (federal service does not "commence" until a prisoner is "received" at the "federal institution, and no judge or court may prescribe a different method").

**4.** 18 U.S.C. § 4082(a) provides:

A person convicted of an offense against the United States shall be committed, for such term of imprisonment as the court may direct, to the custody of the Attorney General of the United States, who shall designate the place of confinement where the sentence shall be served.

1982, to commence serving his federal sentences. The September order that the sentences on each count were to run consecutively thus placed Naas in jeopardy a second time and was an illegal sentence subject to correction "at any time" under Rule 35(a).[5] *See Borum,* 409 F.2d at 441; *Schultz,* 384 F.2d at 375. The district court therefore erred in denying Naas' motion to correct this illegality. We reverse the order of the district court and remand for correction of the judgment so that it will reflect that the federal sentences on each of the counts run concurrently, commencing on Naas' return to state custody following the imposition of his federal sentence on June 7, 1982.

REVERSED and REMANDED.

---

**5.** The fact that Naas will have served even the consecutive federal sentences long before the forty-year parole date on his state sentence does not render his Rule 35(a) motion moot due to the collateral consequences of criminal conviction. *See* Wright, Federal Practice and Procedure: Criminal 2d § 582 at 385. The Government's "no prejudice" argument is thus without merit.