Bobby BATTLE

v.

UNITED STATES PAROLE COMMIS-
SION, K.L. Sorensen, ASM, El Reno,
T.C. Martin, Warden, El Reno.

Civ. No. TX–86–30–CA.

United States District Court,
E.D. Texas,
Texarkana Division.

Nov. 3, 1986.

Bobby Battle, pro se.

Dane Smith, Asst. U.S. Atty., Tyler, Tex.,
for respondents.

FINAL JUDGMENT

HALL, District Judge.

The above entitled and numbered civil
action was heretofore referred to the Hon-
orable Harry W. McKee, United States
Magistrate, pursuant to 28 U.S.C.
§ 636(b)(1)(B). The Report of the magis-
trate, which contains his proposed findings
of fact and recommendations for the dispo-
sition of such action, has been presented
for consideration, and the Court having
made a *de novo* determination of the objec-
tions raised by petitioner thereto, it is
found that the findings and conclusions of
the Magistrate are correct, and that the
objections of petitioner are without merit;
hence, the Report of the United States
Magistrate is adopted as the findings and
conclusions of this Court. It is therefore

ORDERED that such matter shall be,
and it is hereby, DISMISSED, with preju-
dice.

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE

HARRY W. McKEE, United States Magistrate.

Came on for consideration petitioner Bobby Battle's Petition for Writ of Habeas Corpus and respondent United States Parole Commission's Motion to Dismiss. Essentially petitioner bases his petition on the following: (1) the sentencing court, not the Parole Commission, has authority to supervise him during his special parole term; (2) his new sentence should run concurrently with his special parole violator term; and (3) the special parole term is unconstitutional as a violation of the Due Process Clause of the Fifth Amendment and Eighth Amendment Freedom from Cruel and Unusual Punishment.

On November 13, 1975, petitioner was convicted for distribution of heroin and sentenced to an 8–year regular adult term of imprisonment with a 3–year special parole term to follow. On November 15, 1980, petitioner was mandatorily released from his sentence; however, he was to be supervised until February 11, 1983. On said date, petitioner began serving his 3–year mandatory parole term. He was to remain under supervision until February 10, 1986.

On or about January 11, 1985, petitioner was convicted for possession with intent to distribute cocaine and sentenced to a 4–year term of imprisonment with a 3–year special parole term to follow. On January 25, 1985 the Parole Commission issued a parole violator warrant for petitioner. Thereafter, on May 22, 1985 petitioner was afforded a combined dispositional revocation hearing on his special parole term and an initial hearing on his new sentence. The Parole Commission concluded after the hearing that he had violated the conditions of his parole and recommended that the special parole term be revoked. Time spent on special parole term was not credited toward the service of his heroin sentence, and the unexpired portion of his original heroin sentence was to commence upon release from his new cocaine sentence. He was continued to the expiration of his new sentence and given presumptive parole on the parole violator term of July 28, 1988. The Parole Commission classified petitioner's parole violation as new criminal conduct because it involved distribution of 100% pure cocaine in excess of 5 grams but less than 99 grams.

The Parole Commission rated petitioner at a "Category 4" severity, calculated his salient factor score as "1", and determined the guideline range to be from 34 to 44 months. A decision outside the guidelines, according to the Parole Commission, was not warranted in this case. By Notice of Action, petitioner was informed of the Commission's findings. The National Appeals Board refused his appeal.

■ Reading the *pro se* petition for Writ of Habeas Corpus as liberally as possible, *Haines v. Kerner*, 404 U.S. 519, 520–521, 92 S.Ct. 594, 595–596, 30 L.Ed.2d 652 (1972), it appears petitioner argues, first, that the Parole Commission exceeded its authority by revoking his special parole term. He cites no reported decision on point to support that argument, nor has this Court's research uncovered one. Respondent's argument, however, is well taken. A plain reading of the statute [1] reveals no Congressional intent to restrict the power of the Parole Commission to revoke a special parole term. The statute itself does not purport to vest exclusive authority to revoke in the sentencing court as petitioner urges. In fact, regulations promulgated pursuant to the statute countenance authority on behalf of the Commission to revoke a special parole term.[2]

---

**1.** 21 U.S.C. § 841(c): "A special parole term imposed ... may be revoked if its terms and conditions are violated. In such circumstances the original term of imprisonment shall be increased by the period of special parole term and the resulting new term of imprisonment shall not be diminished by the time spent on parole. A person whose special parole term has been revoked may be required to serve all or part of the remainder of the new term of imprisonment. A special parole term ... shall be in addition to, and not in lieu of, any other parole provided for by law."

**2.** 28 C.F.R. § 2.57(c): "... Should a parolee violate conditions of release during the Special Parole Term he will be subject to revocation on the Special Parole Term ..."

In his Brief in Support of Petition for a Writ of Habeas Corpus, petitioner cites only *United States v. Butler,* 763 F.2d 11 (1st Cir.1985). Petitioner misreads *Butler* as granting only the sentencing court the authority to affect a special parole term. The Fifth Circuit did not find that type of authority limited to the sentencing court. Congress, in its wisdom, could have readily limited that authority. If it had chosen to do so, the statute would in some way reflect that limitation.

■ Alternatively, petitioner bases his petition on the premise that the Parole Commission erred when it ordered him to serve the parole violator term consecutively with his new sentence. As authority petitioner cites *United States v. Naas,* 755 F.2d 1133 (5th Cir.1985). *Naas* is factually distinguishable from the case at bar. In *Naas,* the defendant was convicted in federal court for multiple offenses arising from the same criminal transaction—namely, six counts of bank embezzlement. The Court suspended sentence on five of the counts and placed defendant on probation for five years. Thereafter, defendant was convicted for murder in state court and was sentenced to life imprisonment. Three years later, the federal court revoked defendant's probation and sentenced him to five two-year terms. The Court did not specify whether those terms were to be served concurrently or consecutively. The defendant contended that contrary to prison records the sentencing court had intended concurrent terms. The sentencing court rejected defendant's contention and announced that it had actually intended his sentences to be served consecutively. Upon appeal, the Fifth Circuit restated the presumption that, absent clear language to the contrary, sentences "imposed on more than one offense at the same time, or at different times, will run concurrently." *Naas,* at 1136. The Fifth Circuit, in finding illicit double jeopardy, held that the sentencing court acted improperly when it issued an order clarifying its earlier intention to impose consecutive federal sentences.

*United States v. Naas* is not controlling in the case at bar. As stated earlier *Naas* is factually distinguishable and its presumption is inapplicable here. Petitioner before this Court does not complain of the conduct of the sentencing court. Instead, he argues that the Parole Commission, not the sentencing court, erred. The law in this circuit is well-settled in this area. Contrary to petitioner's assertion, the decision of whether a parole violator will serve his new sentence concurrently with the remainder of his old (or paroled) sentence lies exclusively with the Parole Commission and the second sentencing court cannot usurp that discretion. *Saulsbury v. United States,* 591 F.2d 1028, 1034 (5th Cir. 1979). [*See also Zerbst v. Kidwell,* 304 U.S. 359, 362, 58 S.Ct. 872, 873, 82 L.Ed. 1399 (1938) wherein the Supreme Court stated that the Parole Commission has discretion to revoke parole at any time before parolee's sentence is completed.]

■ Finally, petitioner apparently bases his petition on the argument that the special parole term of 21 U.S.C. 841 violates his Fifth Amendment guarantee of due process and his Eighth Amendment guarantee of freedom from cruel and unusual punishment. If that is indeed his argument, then it, too, fails as case-law authority is contrary to that position. *United States v. Hernandez,* 750 F.2d 1256 (5th Cir.1985). *See also United States v. Tebha,* 770 F.2d 1454 (9th Cir.1985)—holding mandatory special term constitutional; *Yates v. United States,* 753 F.2d 70 (8th Cir.1985)—holding the special parole term as nonviolative of the Due Process Clause of the Fifth Amendment; and *United States v. Walden,* 578 F.2d 966 (3rd Cir. 1978)—holding special parole term as nonviolative of the Eighth Amendment guarantee of freedom from cruel and unusual punishment.

Since petitioner has failed to demonstrate a cognizable ground entitling him to a writ of habeas corpus, it should be denied and the respondent's Motion to Dismiss should be granted.

## RECOMMENDATION

Therefore, it is recommended that petitioner's petition for writ of habeas corpus be denied and respondent's motion to dismiss be granted.

Failure to file written objections to the proposed findings and recommendations contained in the report within ten days shall bar an aggrieved party from attacking the factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 472, 88 L.Ed.2d 435 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir.1982) *en banc.*

SIGNED this the 12th day of September, 1986.