931 F.2d 56
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donovan BROWN, Petitioner-Appellant,
v.
Arnold R. JAGO, Respondent-Appellee.
 No. 90-3784.
 United States Court of Appeals, Sixth Circuit.
 April 19, 1991.
 
 Before KENNEDY and RYAN, Circuit Judges, and JOINER, Senior District Judge.*
 PER CURIAM:
 
 
 1
 Donovan Brown (petitioner) seeks a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. The petitioner was convicted in state court of possessing a controlled substance in a bulk amount (count 1), in violation of Ohio Rev.Code Ann. Sec. 2925.03(a)(4), permitting a motor vehicle to be used for the commission of a felony drug abuse offense (count 2), in violation of Ohio Rev.Code Ann. Sec. 2925.13, and possession of criminal tools (count 3), in violation of Ohio Rev.Code Ann. Sec. 2923.24. The conviction also included a physical harm, or violence, specification. Petitioner claims that he is entitled to habeas relief for the following reasons: (1) irrelevant and prejudicial evidence was permitted at trial; (2) the prosecuting attorney argued a new and distinct charge in closing argument; (3) the indictment and jury instructions failed to fully define "felony drug abuse;" (4) the specification of physical harm was improperly considered; (5) there was insufficient evidence to convict the petitioner of possession of criminal tools and the violence specification; (6) the trial court improperly increased his sentence; and (7) the petitioner was denied effective assistance of counsel.
 
 
 2
 On April 15, 1986, the petitioner was driving with an unidentified passenger in the Village of North Randall, Ohio when Officer Mark Wentz of the North Randall Police Department began following him. As the vehicles entered heavier traffic, Officer Wentz left his vehicle, and approached the petitioner's car on foot. The petitioner got out of his car, leaving it in drive, and fled on foot. His car then collided with another vehicle, driven by Geraldine Wolfe. Wolfe's car was not damaged, but she testified that she suffered minor back and neck injuries.
 
 
 3
 The petitioner was apprehended shortly after he was observed discarding a plastic bag containing cocaine. Officer Wentz searched the petitioner's car and person, and found $3,000 in cash, a telephone pager, an identification card bearing the name "Timothy Multon," and another plastic bag containing cocaine. The two bags contained over 25 grams of cocaine.
 
 
 4
 The petitioner was indicted on charges of possession of a controlled substance in a bulk amount (count 1), permitting a motor vehicle to be used for the commission of a felony drug abuse offense (count 2), possession of criminal tools (count 3), and assault (count 4). A violence specification was also added. The petitioner was acquitted of the assault charges, but convicted of the other three, including causing physical harm to a person. At the sentencing hearing, the trial court pronounced that the term imposed for counts 1 and 2 were to run consecutively, while counts 2 and 3 were to run concurrently. The journal entry of the sentence, however, stated that the entire sentence was to run consecutively to a prior sentence.
 
 
 5
 The petitioner brought a direct appeal to the Ohio Court of Appeals, which affirmed his conviction and sentence. The petitioner's appeal to the Ohio Supreme Court was dismissed. He then filed this petition for habeas corpus, raising issues that had already been presented in his state appeals. The District Court denied his petition, and he appeals to this Court.
 
 
 6
 I. Whether evidence was improperly admitted at trial.
 
 
 7
 The petitioner argues that the evidence concerning the cash and telephone pager found in his car, and the street value of the cocaine was improperly admitted. The petitioner objects to the testimony of Lt. James Veres, who stated that telephone pagers are frequently used in the drug trade.
 
 
 8
 The petitioner's argument is without merit. Even if the evidence of the pager and the cash was irrelevant to the charge of possession, it was certainly relevant to charges contained in count III, possession of criminal tools. The indictment charged that the petitioner possessed criminal tools, and the prosecution attempted to prove at trial that those tools consisted of the pager, the car and the cash. It was certainly permissible, therefore, to introduce evidence that the petitioner was in fact in possession of those items.
 
 
 9
 The petitioner also objects to the admission of evidence concerning the street value of the cocaine in his possession. We need not, however, determine whether that evidence was properly admitted. It is established in this Circuit that only "where the violation of a state's evidentiary rule has resulted in the denial of fundamental fairness, thereby violating due process," will federal habeas corpus relief be granted. Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir.1988). Therefore, even if the evidence of the value of the cocaine was improperly admitted, its admission does not rise to the level of fundamental unfairness, and it is not within the jurisdiction of this Court to grant habeas corpus relief.
 
 
 10
 II. Whether the petitioner was denied due process when the prosecuting attorney argued a new theory in closing argument.
 
 
 11
 The petitioner contends that the prosecution's discussion in closing argument concerning aiding and abetting violated his right to fair notice of the charges against him. The petitioner objects to the portion of the prosecution's closing argument in which he states:
 
 
 12
 The car, ladies and gentlemen, don't be misled by the many questions involving that [the cocaine] was on the passenger side or whatever. For that matter, the individual who was in the car that day might have also been involved with [the petitioner] in the possession of this particular cocaine. It wouldn't make any difference.
 
 
 13
 Listen to what the Judge tells you about aiders and abettors, and how he defines the word "possession."
 
 
 14
 Joint App. at 254.
 
 
 15
 The constitutional issue is whether the crimes charged were altered by the prosecutor's closing argument. The petitioner does not claim that the jury was in fact instructed on the law of aiding and abetting. While the prosecution should have refrained from the discussion of aiding and abetting, the jury was instructed on those crimes with which he was charged in the indictment.[1] The petitioner has not shown how the prosecutor's argument violated the petitioner's right to a definite and certain charge.
 
 
 16
 III. Whether the jury instructions and the indictment properly defined "felony drug abuse offense."
 
 
 17
 The petitioner was convicted of permitting a vehicle to be used for the commission of a felony drug abuse offense. Ohio Rev.Code Ann. Sec. 2925.13. The petitioner contends that the indictment and the jury instructions failed to fully define "felony drug abuse offense" and that therefore he is entitled to federal habeas relief.
 
 
 18
 The indictment charged that the petitioner "did knowingly permit motor vehicle to be used for the commission of a felony drug abuse offense, to-wit: Possession of Cocaine, a Schedule II drug, being the owner, operator or person in charge of said motor vehicle." Joint App. at 39. Felony drug abuse offense is defined in section 2925.01(I) as "any drug abuse offense that would constitute a felony under the laws of this state, except" possession of less than a bulk amount. The indictment for this count did not specify that the possession had to be greater than the bulk amount, as defined by section 2925.01(E).
 
 
 19
 As discussed above, however, the due process clause does not require a precise indictment. Instead, it requires that the defendant be given notice that is adequate to allow him to prepare his defense. Koontz v. Glossa, 731 F.2d 365, 369 (1984). "An indictment which fairly but imperfectly informs the accused of the offense for which he is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings." Mira v. Marshall, 806 F.2d 636, 639 (6th Cir.1986). The indictment here adequately informed the petitioner of the charges he faced. The imperfections contained in the indictment do not rise to the level of a violation of due process.
 
 
 20
 The petitioner also claims that the jury instructions failed to define "felony drug abuse offense," even though it was an essential element of the crime. The petitioner therefore contends that the jury instructions were in violation of the due process clause because they did not require the jury to find that the state had proven each element of the crime. "It is a fundamental Constitutional law that no one may be convicted of a crime absent proof beyond a reasonable doubt of every fact necessary to constitute that crime." Glenn v. Dallman, 686 F.2d 418, 420 (6th Cir.1982).
 
 The jury was instructed that:
 
 21
 If the Defendant knowingly permitted a motor vehicle to be used [for] committing the crime of possession of cocaine, and you find that the State has proven beyond a reasonable doubt all of those elements, then you must find the Defendant guilty.
 
 
 22
 Joint App. at 256. The instructions never defined "the crime of possession of cocaine" as it applied to the motor vehicle charge. However, the jury had previously been instructed in connection with another count about the elements of the possession of cocaine in a bulk amount, and found defendant guilty on that count.
 
 
 23
 The District Court held that although the jury instructions were incomplete, they did not rise to the level of a constitutional violation because the instructions as a whole required the jury to find each element of the crime. The constitutional concern is that the jury make a finding on each element of a crime charged. See Hoover v. Garfield Heights Municipal Court, 802 F.2d 168 (1986), cert. denied, 480 U.S. 949 (1987). The jury here did make findings on all of the elements. Although the jury was not instructed that they must find that the petitioner was in possession of a bulk amount of cocaine to find him guilty of the motor vehicle count, the jury did in fact find that he was in possession of a bulk amount. Therefore, the jury made a finding as to each element of the crime. This is not the type of error found in Glenn or Hoover in which the defendant was deprived of a jury finding on an essential element of the crime. Therefore, the failure of the jury instructions to define an element of count II does not rise to a constitutional level. That element was defined earlier in reference to count I, and the jury found the petitioner guilty of count I. Therefore, the jury had in fact found the petitioner guilty of each element of count II.
 
 
 24
 IV. Whether the specification of physical harm was properly considered.
 
 
 25
 Under Ohio law, the sentencing court must impose an indefinite term of incarceration when a defendant is convicted of a third or fourth degree felony with a violence specification. Ohio Rev.Code Ann. Sec. 2929.11(D). The petitioner was found guilty of having caused physical harm to another during the commission of the offenses of which he was convicted. Physical harm to persons is defined as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." Section 2901.01(C).
 
 
 26
 The petitioner claims, however, that the physical harm caused to Geraldine Wolfe was unrelated to the offenses with which he was charged, since he was acquitted of assault, the only inherently violent crime with which he was charged. He argues that section 2929.11(D) was not intended to apply to crimes that are not inherently violent. Even if this were the case, however, it would not be within the jurisdiction of this Court to grant habeas relief on those grounds. As the District Court pointed out, even if a state court erred in its interpretation of state law, it is not for a federal court to correct the error. Habeas relief may only be granted in the face of a constitutional violation. Smith v. Sowders, 848 F.2d 735 (6th Cir.), cert. denied, 488 U.S. 866 (1988). Geraldine Wolfe was physically harmed as a result of the incident that occurred that resulted in the petitioner's arrest, indictment and conviction. The jury found that the defendant did "cause physical harm to another person," in the course of a "felony of the third or fourth degree," and therefore the use of the violence specification did not deny the petitioner of his due process rights.
 
 
 27
 V. Whether there was sufficient evidence.
 
 
 28
 The petitioner contends taht there was insufficient evidence to prove that he was guilty of possession of criminal tools, or that he had caused physical harm to another person. The criminal tools which he was convicted of possessing were a pager, $3,000 in cash, an automobile, and a false identification card. He does not contend the fact that he possessed those items, but instead argues that there was no evidence that he possessed them "with the purpose to use [them] criminally," as required by Ohio Rev.Code Ann. Sec. 2923.24.
 
 
 29
 The appropriate standard for a federal court in reviewing petitions for habeas relief is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). Given the circumstances in which the "criminal tools" were seized, there was sufficient evidence for a rational jury to find that the petitioner had intended to use them for a criminal purpose. The District Court correctly found that there was no due process violation in the petitioner's conviction of the criminal tools statute.
 
 
 30
 The petitioner also contends that there was insufficient evidence to support the finding that he had caused physical harm to Geraldine Wolfe. The petitioner bases this argument on his claim that Wolfe's testimony that she was harmed in the incident was not sufficient evidence without direct medical testimony to support it. The petitioner requests this Court to evaluate the credibility of the witnesses, something which this Court cannot do in this proceeding. Wolfe's testimony was sufficient evidence for a rational jury to find that she had been physically harmed in the incident.
 
 
 31
 VI. Whether the trial court altered the petitioner's sentence in violation of his fifth and sixth amendment rights.
 
 
 32
 The petitioner claims that the trial court's specification that his sentences were to be served consecutively with a sentence entered on a prior conviction, was in violation of the double jeopardy clause and of his due process right to be present in court proceedings.
 
 
 33
 The petitioner argues that "[t]he Fifth Amendment prohibition against resentencing for the same offense ... bars an increase in a legal sentence once it has been imposed and the defendant has commenced serving it." United States v. Naas, 755 F.2d 1133, 1136 (5th Cir.1985). According to Ohio law, unless the trial court indicates that a sentence will be served consecutively with another sentence, it will automatically be served concurrently with it. Ohio Rev.Code Ann. Sec. 2929.41. The petitioner argues, therefore, that it was unambiguous that his sentence would be served concurrently with his prior sentence because the oral pronouncement of sentence did not indicate that the sentence would be served consecutively. The Ohio Court of Appeals held in the direct appeal in this case that because Ohio requires the journalization of a sentence, the sentence pronounced orally may be modified before it is journalized, and therefore no sentence is actually imposed until it is journalized. The cases cited by petitioner merely hold that a sentence may not be changed once it has been imposed. Because no sentence had been imposed by the trial court until it was journalized, the sentence was not altered, and did not violate the double jeopardy clause.
 
 
 34
 The petitioner also claims that the trial court's completion of his sentence by journalizing it in his absence violated his right to be present at trial. There is no right, however, to be present at ministerial proceedings. See Snyder v. Massachusetts, 291 U.S. 97 (1934). The petitioner was given full opportunity to express himself at the sentencing hearing. He has no constitutional right to also be present when the ministerial act of journalizing the sentence is performed.
 
 
 35
 VII. Whether the petitioner was denied effective assistance of counsel.
 
 
 36
 The petitioner claims that he was denied effective assistance of counsel. However, the petitioner provides this Court with no specific examples of the way in which his trial counsel was ineffective. This Court, therefore, is unable to make a determination as to whether trial counsel was ineffective.
 
 
 37
 The District Court's denial of the petition for a writ of habeas corpus is AFFIRMED.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 In addition, even if the jury had believed that they could convict the petitioner as an aider and abettor for the cocaine found in the car, the bag which petitioner discarded shortly before he was apprehended contained 11.6 grams, which is an amount in excess of the bulk amount of 10 grams. Ohio Rev.Code Ann. Sec. 2925.01(E)(1)