UNITED STATES of America, Plaintiff-Appellee,

v.

Robert J. ALLEN, Defendant-Appellant.

No. 78–2240
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 22, 1979.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Theodore J. Sakowitz, Federal Public Defender, Miami, Fla., for defendant-appellant.

Jack V. Eskenazi, U. S. Atty., Charles O. Farrar, Jr., Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

Defendant appeals from an order of the district court denying his motion to vacate a "Corrected and Amended Judgment and Commitment Order." After pleading guilty to three counts of an indictment relating to mail fraud, the district court sentenced defendant to 42 months of confinement. The order specified that the sentence run concurrently with a prior sentence which had been imposed in July 1976 by the State of Texas which defendant was then serving and that defendant receive full credit for all time spent in state custody since July 1976.

Several months after sentencing, the district court, *sua sponte,* and without defendant present entered a "Corrected and Amended Judgment and Commitment Or-der" in which it modified the term of imprisonment to approximately 29 months and omitted the concurrent service provision. To reach the corrected sentence, the court computed the actual number of days defendant had been in state custody, deducted that time from the original 42-month sentence, and resentenced defendant, omitting the concurrent service provision. Neither defendant nor his counsel was present when the court modified the judgment and commitment order.

In response to defendant's Motion to Vacate the Amended and Corrected Judgment because defendant had not been provided an opportunity for allocution, the district court held a special hearing attended by defendant and his counsel. The motion to vacate was denied, but the district court amended its order to specify that defendant be eligible for parole under 18 U.S.C.A § 4205(b)(2). We affirm because defendant was provided full opportunity for allocution at the subsequent hearing, and the district court lacked authority to order a federal sentence to run concurrently with a prior state sentence. 18 U.S.C.A. § 3568.

Defendant argues that the modified sentence is illegal because it was entered in his absence and without his having been given an opportunity for allocution, and the revised sentence had the practical effect of subjecting him to a longer period of confinement.

While it was error for the district court to enter the amended judgment and commitment order without the presence of the defendant and without an opportunity for allocution, this error was cured by the full allocution afforded defendant at the special hearing in district court. *Caille v. United States,* 487 F.2d 614, 616–17 (5th Cir. 1973); Fed.R.Crim.P. 43.

Federal law does not authorize federal courts to order sentences which run concurrently with state sentences. In pertinent part 18 U.S.C.A. § 3568 provides:

The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which

such person is received at the penitentiary, reformatory, or jail for service of such sentence.

*       *       *       *       *       *

No sentence shall prescribe any other method of computing the term.

The district court, therefore, had no power to make the federal sentence run concurrently with the prior sentence imposed on defendant by the State of Texas. *See Chunn v. Clark*, 451 F.2d 1005, 1006 (5th Cir. 1971); *United States v. Myers*, 451 F.2d 402, 404–405 (9th Cir. 1972); *Hash v. Henderson*, 262 F.Supp. 1016 (E.D.Ark.1967), *aff'd*, 385 F.2d 475 (8th Cir. 1967). The court in *Hash v. Henderson, supra* at 1018, noted that 18 U.S.C.A. § 4082 gives the Attorney General the authority to designate a state institution as a place for service of a federal sentence. Where there is such a designation, the prisoner receives credit on his federal sentence for the term spent in the state institution following the designation. No such designation from the Attorney General was obtained in the instant case.

Further, the corrective steps taken by the district court were proper. When a court discovers that it has entered a sentence that does not conform to applicable statutes, it has a duty to correct the sentence even though service of the sentence first imposed has begun. This is true even if the correct sentence may be more onerous. *Llerena v. United States*, 508 F.2d 78, 80–81 (5th Cir. 1975).

AFFIRMED.