**Felix Ewing ELLIOTT,
Petitioner–Appellant,**

v.

**WARDEN, SEAGOVILLE, TEXAS (G.H. Rodgers); and Attorney General of Tennessee, Respondents–Appellees.**

No. 86–6085.

United States Court of Appeals, Sixth Circuit.

Submitted Dec. 11, 1987.

Decided Feb. 4, 1988.

Timothy A. Deere, Court appointed, Chattanooga, Tenn., for petitioner-appellant.

W.J. Michael Cody, Atty. Gen. of Tennessee, Nashville, Tenn., for respondents-appellees.

Before LIVELY, Chief Judge, and JONES and GUY, Circuit Judges.

RALPH B. GUY, Jr., Circuit Judge.

Plaintiff, Elliott, appeals from the denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2254 (1977). In his petition, Elliott, a federal prisoner, claimed that the state of Tennessee was violating his rights by refusing to accept custody of him, thereby causing him to serve a consecutive federal-state sentence when only a concurrent sentence was imposed by the federal court. The district court dismissed the habeas petition, concluding it was powerless to order the state of Tennessee to accept Elliott. We agree and affirm.

## I.

On March 5, 1981, Elliott was sentenced by the Davidson County, Tennessee, Criminal Court to five years imprisonment for passing worthless checks. On September 7, 1981, Elliott escaped from the Davidson County Workhouse with the majority of his sentence yet unserved. After escaping, Elliott was arrested and convicted in North Carolina for passing worthless checks, and sentenced to jail. He served until October 3, 1983. Prior to completion of the North Carolina sentence, Elliott was transported back to Tennessee where he pled guilty, on May 13, 1983, to the pending Tennessee escape charge, receiving a six-month sentence. Federal authorities later transported Elliott to Nashville where, on September 7, 1983, he pled guilty in the United States District Court, Middle District of Tennessee, to three counts of unauthorized possession of United States Treasury checks.

With knowledge of the fact that Elliott had a North Carolina sentence to complete, a new Tennessee sentence (escape) to serve, and almost five years left on his original Tennessee sentence, the federal district judge sentenced Elliott to two consecutive and one concurrent five-year terms. Elliott thus was given a ten-year federal sentence. In his judgment of commitment, however, the federal district judge recommended "that the above imposed term of imprisonment be served in a state institution as long as applicable."

After his federal sentence was imposed, Elliott was returned to North Carolina but was released by North Carolina authorities on October 3, 1983, less than thirty days after his return. Although Tennessee was next in line to receive Elliott, they either failed or refused to accept him. The result was that federal marshals assumed custody and placed Elliott in a federal prison.

On October 15, 1984, the state of Tennessee lodged a detainer against Elliott with the warden of the federal prison in which Elliott was housed. On October 16, 1984, D.L. Wilbourn, Administrative Systems Manager for the federal prison where Elliott was confined, wrote to the Tennessee

authorities and asked if there was any way Elliott's Tennessee sentence could be made to run concurrent with his federal confinement. On October 23, 1984, Tennessee authorities responded that there was indeed such a procedure, but that it would have to be pursued through the Tennessee courts and would not affect Elliott's escape sentence, since by Tennessee law, an escape sentence must be a consecutive sentence. Elliott then unsuccessfully attempted to secure relief through the Tennessee courts.

On August 12, 1985, the federal prison warden wrote to Tennessee authorities to see if they would take Elliott and allow him to serve out the rest of his federal sentence in Tennessee custody. Apparently tiring of this whole matter, the Tennessee authorities replied that, in no uncertain terms, they had no intention of taking Elliott until he had served his federal sentence. Since it was now obvious that Tennessee was not going to do anything voluntarily to resolve this problem, Elliott commenced this habeas proceeding naming the warden of the federal prison in Seagoville, Texas, and the State of Tennessee as defendants.

## II.

Although his intentions *may* [1] have been frustrated, United States District Judge Morton, who sentenced Elliott, was by no means the first judge to have found himself in that position. Judge Morton did not "order" concurrent state and federal sentences but, rather, "recommended" that a state prison be the institution where the federal sentence be served. *See* 18 U.S.C. § 3568 (1985). Since choosing the place of confinement for federal prisoners is an executive branch function entrusted to the Attorney General, and is not within the province of the courts, it is clear that a "recommendation" is all a federal judge can make. 18 U.S.C. § 4082(a) (1985). *See*

*United States v. Stanton,* 703 F.2d 974 (6th Cir.1983); *United States v. Herb,* 436 F.2d 566 (6th Cir.1971).

In his habeas petition, plaintiff requests that his "State conviction be vacated or in the alternate, cause Petitioner's State sentence to be served concurrent with his present Federal sentence...." It is obvious that the state sentence cannot be vacated, as it is not even challenged in these proceedings. Plaintiff does not argue this point on appeal.

Plaintiff does argue, however, that we can force Tennessee to run its sentence concurrently with the federal sentence. The cases cited by Elliott do not support this contention. For example, Elliott cites *United States v. Allen,* 588 F.2d 183 (5th Cir.1979), as support for his position. In *Allen,* the court stated that "[f]ederal law does not authorize federal courts to order sentences which run concurrently with state sentences." *Id.* at 184. Similarly, *United States v. Aleman,* 609 F.2d 298 (7th Cir.1979), *cert. denied,* 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 780 (1980), held that "[t]he sentencing judge has no power to make a federal sentence concurrent with a prior state sentence." *Id.* at 309.

It appears that Elliott misapprehends these cases, perhaps because of language such as the following:

> Under 18 U.S.C. § 4082, it is the Attorney General who designates the place of confinement. The sentencing judge may only recommend that the Attorney General designate a state institution as a place for service of the federal sentence. If the recommendation is followed, then the state and federal sentences in effect become concurrent. *United States v. Allen,* 588 F.2d 183, 185 (5th Cir.1979).

*Aleman,* 609 F.2d at 309. Thus, Elliott argues that, in the instant case, since the Attorney General followed the recommen-

---

1. We say "may" because this case illustrates the danger of trying to guess at the total length of time a prisoner serving multiple federal-state sentences might serve. From the reported cases, it is apparent that a state custody defendant who receives a subsequent federal sentence is often quickly released by the state as was done here. Most state jails are overcrowded

and it is expensive to house prisoners. It is not unusual for a state to release a prisoner to another jurisdiction when they can, and when continued custody, as opposed to freedom, is the result. Thus, we cannot say with certainty that Elliott is in fact serving more total custody time than the federal sentencing judge contemplated.

dation of the sentencing judge, Elliott's sentences are concurrent. The fallacy with this argument is that the mere designation by the Attorney General of a state institution for service of sentence has no effect *unless* the *state takes the prisoner.* It is not the act of "designation" that results in a concurrent sentence, but the delivery to and acceptance by the state of the prisoner. Tennessee has made it clear in this case that they will not accept Elliott. To the degree that Elliott's argument carries the implication that the Attorney General of the United States can force Tennessee to take Elliott, he cites no authority for this proposition and we know of none. The district court was correct in denying habeas relief under these circumstances.[2]

AFFIRMED.

---

**2.** In *United States v. Allen,* 588 F.2d 183 (5th Cir.1979), the court appears to hold that a federal sentence ordered to run concurrently with a state sentence is an illegal sentence which is correctable under Fed.R.Crim.P. 35. Since this issue is not before us, we make no ruling.