1 F.3d 1241
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clementine McMULLEN, Plaintiff-Appellant,
v.
Margaret HAMBRICK; 10 Jane and John Does, Defendants-Appellees.
 No. 93-5089.
 United States Court of Appeals, Sixth Circuit.
 Aug. 6, 1993.
 
 Before: GUY and NELSON, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Clementine McMullen, a pro se federal prisoner, appeals from an order of the district court dismissing her Bivens action. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 McMullen was incarcerated at the Federal Medical Center, Lexington, Kentucky on April 27, 1991. On August 2, 1991, an order was issued by the trial judge, and received by defendant Warden Hambrick, ordering McMullen's sentence to be suspended for the period of August 3, 1991, to August 8, 1991, so that McMullen could attend her daughter's and son-in-law's funeral. After a conference with the trial judge, Hambrick did not comply with the order, and McMullen was not released from incarceration. In response, McMullen filed the present action claiming that she was denied liberty without due process of law. Hambrick was sued in her official and individual capacities, and for relief McMullen requested monetary damages.
 
 
 3
 Hambrick filed a motion to dismiss, or, in the alternative, a motion for summary judgment. The magistrate judge's report and recommendation concluded that the decision to grant McMullen a furlough was in the sole discretion of Hambrick and that Hambrick's refusal to comply with the trial judge's order did not constitute a violation of McMullen's due process rights. Over McMullen's objections, the district judge adopted the findings of fact and conclusions of law of the magistrate judge and dismissed McMullen's action.
 
 
 4
 Upon de novo review, we affirm the order of the district court dismissing McMullen's action. McMullen cannot successfully assert a Bivens action absent a recognizable liberty interest. Booher v. United States Postal Service, 843 F.2d 943, 944 (6th Cir.1988). We are satisfied that McMullen did not possess a recognizable liberty interest. The Bureau of Prisons is charged with the discretion over whether to temporarily release a prisoner for the purpose of attending a relative's funeral. 18 U.S.C.A. Sec. 3622(a)(2) (West 1985). The Bureau of Prisons has delegated this discretion to the warden of the particular institution in which the prisoner is incarcerated. 28 C.F.R. Sec. 570.32(a)(1) (1992).
 
 
 5
 Therefore, it cannot be said that the trial court's order created a liberty interest for it was without authority to order the release of McMullen for the purpose of attending a funeral. See United States v. Jalili, 925 F.2d 889, 894 (6th Cir.1991); Elliott v. Warden, Seagoville, Tex., 838 F.2d 194, 196 (6th Cir.1988). Moreover, given the discretionary nature of the warden's authority, there is no protected interest in furlough. Smith v. Saxbe, 562 F.2d 729, 734 (D.C.Cir.1977).
 
 
 6
 Accordingly, the order of the district court dismissing McMullen's action is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.