47 F.3d 1167
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James R. AVERY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-6572.
 United States Court of Appeals, Sixth Circuit.
 Jan. 5, 1995.
 
 On Appeal from the United States District Court for the Western District of Kentucky, Nos. 92-00715, 82-00162; Charles M. Allen, Judge.
 W.D.Ky.
 REVERSED AND REMANDED.
 Before: KEITH, JONES, and MILBURN, Circuit Judges.
 MILBURN, Circuit Judge.
 
 
 1
 Petitioner James R. Avery appeals the district court's denial of his motion to vacate his sentence pursuant to 28 U.S.C. Sec. 2255. On appeal, the issue is whether petitioner's due process rights were violated when the Bureau of Prisons and the United States Parole Commission ("Parole Commission") refused to calculate petitioner's federal and state prison sentences to run concurrently, which petitioner argues violates the plea agreement he reached with an assistant United States attorney, the terms of which provided that petitioner's federal sentences would run concurrently with any existing state sentences. For the reasons that follow, we reverse and remand.
 
 I.
 
 2
 On December 20, 1982, pursuant to a plea bargain agreement, petitioner James R. Avery plead guilty to two charges of taking with intent to steal property valued in excess of $100 from a federal credit union in violation of 18 U.S.C. Sec. 2113(b). The plea agreement provided that petitioner would be sentenced to seven years imprisonment for one of the charges and ten years imprisonment for the second charge. The parties agreed that petitioner's sentences would run concurrently with one another and with any existing state sentences. The parties also agreed that petitioner's sentences were subject to 18 U.S.C. Sec. 4205(b)(2), making petitioner eligible for parole at such time as the Parole Commission determined appropriate. As part of the agreement, the United States agreed to move for an order to nolle prosequi one count of the indictment and information under which petitioner was charged. The district court accepted the agreement and entered judgment in accordance with its terms, sentencing petitioner to concurrent federal terms of seven and ten years. The original judgment and commitment order was entered on January 6, 1983, but it omitted the provision in the plea agreement that petitioner's federal sentences were to run concurrently with any state sentences. On May 5, 1983, the district court amended its judgment and commitment order to include that provision. At the time petitioner was sentenced in the district court, he was on parole from a conviction in Kentucky state court.
 
 
 3
 On November 9, 1992, petitioner filed a pro se motion, pursuant to 28 U.S.C. Sec. 2255, requesting that the court vacate his plea agreement. Petitioner alleged that his plea had been coerced because the United States falsely informed him that he was subject to a 20-year prison sentence when, in fact, the maximum sentence was ten years. In the same motion, petitioner claimed that his plea was involuntary because the Bureau of Prisons and the Parole Commission had breached the plea agreement and the district court's judgment and commitment order by calculating petitioner's state and federal sentences to run consecutively rather than concurrently.
 
 
 4
 The district court dismissed petitioner's coercion claim after it concluded that petitioner was accurately informed of the potential sentence to which he could be subject under his plea. The court also denied petitioner's motion relating to the alleged breach of the plea agreement, concluding that "even assuming for the sake of argument that Mr. Avery was promised concurrent sentencing, there is no relief that we can grant. At the time of judgment, the District Court could not specify the manner of serving the sentence, so we cannot compel the Bureau of Prisons to recalculate the sentence." J.A. 40-41. This timely appeal of the district court's decision relating to the breach of the plea agreement followed. Petitioner has not pursued an appeal of the district court's decision on the allegation of false information.
 
 
 5
 Petitioner served just under three years in a federal prison as a result of his guilty plea. On September 13, 1985, he was returned to a Kentucky state prison in order to resume his state sentence. He served approximately one year in the state prison before he was paroled on October 2, 1986. On December 2, 1991, Kentucky discharged petitioner as having completed his state sentence. Federal authorities regained custody of petitioner on May 28, 1992, requiring petitioner to resume his federal sentences. Petitioner apparently served only one year in federal prison after resuming his federal sentences. There is no indication in the record that petitioner was in any prison, state or federal, between October 2, 1986, and May 28, 1992. In all, petitioner served 385 days in a state prison following his federal sentencing. However, if parole is included in the calculation, he served six years, two months and 18 days.
 
 
 6
 As of May 1992, the Bureau of Prisons calculated petitioner's remaining time on the federal sentences as 2589 days, roughly seven years and one month. This calculation indicates that petitioner has not been credited for the time he served under his state sentence. Petitioner was set for parole from the federal prison on March 26, 1993, although the record does not confirm that he was released on that date. Petitioner is currently on parole. His federal sentences expire on June 29, 1999.
 
 II.
 
 7
 Petitioner argues that his due process rights have been violated as a result of the refusal by the Bureau of Prisons and the Parole Commission to calculate his state and federal sentences to run concurrently. Petitioner argues that respondent's actions violate the plea agreement he reached with the assistant United States attorney, which provided that petitioner's sentences were to be served concurrently. Petitioner asserts that he has a "constitutionally-protected due process right to have the terms of the plea agreement honored" and that he should be granted specific performance of the plea agreement. Appellant's Brief at 4. Petitioner also argues that if his sentence is not corrected to give him credit for time served on his state sentence, his guilty plea was involuntary because he mistakenly believed that the federal and state sentences would run concurrently.[1]
 
 
 8
 Whether the government's conduct violates the terms of a plea agreement is a question of law that we review de novo. United States v. Valencia, 985 F.2d 758, 760 (5th Cir.1993). The voluntariness of a guilty plea is also examined under a de novo standard of review. United States v. Zweber, 913 F.2d 705, 710 (9th Cir.1990); McKenzie v. Risley, 842 F.2d 1525, 1531 (9th Cir.), cert. denied sub nom. McKenzie v. McCormick, 488 U.S. 901 (1988).
 
 
 9
 During petitioner's plea colloquy, the assistant United States attorney informed the district court that the government had reached a plea bargain agreement with petitioner providing that
 
 
 10
 upon the defendant's plea of guilty ... the defendant will be sentenced to the custody of the Attorney General for seven years to Count 2 of the indictment CR-82-128, ten years to CR-82-162, those sentences to run concurrently for a total sentence of ten years into the custody of the Attorney General. Such sentence would be subject to 4205(b)(2), Title 18, United States Code, in that defendant would be eligible for parole at such time as the commission might determine. And it will further be agreed that if the defendant has any state time now that he is serving, that the two run concurrent with those....
 
 
 11
 Supp.J.A. 7-8. Upon questioning by the district court judge, petitioner indicated that he understood the nature of the charges against him and the consequences of his guilty plea and that he was entering the plea voluntarily. The judge explicitly announced his acceptance of the plea agreement.
 
 
 12
 In order to prevail under Sec. 2255, petitioner must show a fundamental defect in the proceedings so severe that it results in a "complete miscarriage" of justice or an error so egregious that it amounts to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). The constitutional error asserted by petitioner stems from the failure of the attorney general or her agents to fulfill the promises made to petitioner. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971). According to petitioner, his guilty plea was induced in part by the government's promise that his federal sentences would run concurrently with one another and with any existing state sentences. Petitioner correctly asserts that the assistant United States attorney who negotiated the plea agreement is an agent of the attorney general, and as an agent, the agreements he reaches are considered binding on the attorney general and her other agents, including the Bureau of Prisons. "A promise made by one [government] attorney must be attributed ... to the Government." Giglio v. United States, 405 U.S. 150, 154 (1972). At oral argument, the government conceded that it had made an unconditional promise to recommend that petitioner's state and federal sentences be run concurrently. Moreover, we find that the government's promise, made by an assistant United States attorney and accepted by the district court, was sufficient to bind the attorney general's exercise of the discretion conferred in 18 U.S.C. Sec. 4082(a) to set the place of confinement, which effectively determines whether sentences will be served concurrently or consecutively. 18 U.S.C. Sec. 4082(a). " '[I]f, after having utilized its discretion to strike bargains with potential defendants, the Government seeks to avoid those arrangements by using the courts, its decision so to do will come under scrutiny.' " United States v. Carter, 454 F.2d 426, 428 (4th Cir.1972) (quoting United States v. Paiva, 294 F.Supp. 742, 747 (D.D.C.1969)).
 
 
 13
 Respondent argues that petitioner misconceives of the government's promise in the plea agreement. Petitioner views the government's promise as an unequivocal guarantee that petitioner would be allowed to serve his sentences concurrently. If such were the case, respondent asserts, petitioner's reliance on cases emphasizing the contractual nature of a plea agreement would be better placed. See United States v. Robison, 924 F.2d 612, 613 (6th Cir.1991) ("Plea agreements are contractual in nature. In interpreting and enforcing them, we are to use traditional principles of contract law."); see also Santobello, 404 U.S. at 262 (noting that when a defendant fulfills his promise in entering a guilty plea, the prosecution is bound to fulfill any promise made in exchange). Respondent emphasizes, however, that its promise was an unconditional promise to recommend concurrent state and federal sentencing. When the government made its recommendation to the district court, it believed it had fulfilled the terms to which it had agreed in the plea agreement reached with petitioner. Respondent points out that a district court has discretion to accept or reject a plea agreement. There is no absolute right to have a plea accepted. Santobello, 404 U.S. at 262. Respondent argues that in negotiating a plea agreement, the government can only make an unconditional promise as to those terms that are within its control. Otherwise, it can only agree to make recommendations to the courts, such as a recommendation for a reduction in sentence or a recommendation for concurrent sentences.
 
 
 14
 To support its argument, respondent cites United States v. Zweber, 913 F.2d 705 (9th Cir.1990). In that case, the government agreed to and did recommend a reduction in sentence for the defendants, but the district court judge refused to accept the recommendation. The defendants argued that they should be allowed to withdraw their guilty pleas because without the reduction in their sentences, there was no consideration for their pleas. The Ninth Circuit rejected that argument, finding that the consideration for their plea agreement was not the district court's reduction of their offense levels but the government's promise to recommend the adjustments. Zweber, 913 F.2d at 711. Respondent asserts that in this case, the government agreed to recommend a sentence of ten years imprisonment and further agreed to recommend that petitioner's federal sentences be allowed to run concurrently with one another and with any existing state sentences. According to respondent, the consideration for defendant's guilty plea was the government's promise to make these recommendations, not its guarantee that they would be accepted. Respondent argues that the government fulfilled its promise by presenting its recommendations to the district court. See Santobello, 404 U.S. at 262.
 
 
 15
 We note that the language used by the government in presenting the plea agreement to the district court distinguishes this case from Zweber. In Zweber, the government plainly promised to make a recommendation. In this case, the record does not establish whether the government merely made a promise to recommend. The assistant United States attorney simply used the language "further be agreed" to introduce the concurrency provision to the district court. In the proceedings covered by the record in this case, there is no indication that petitioner was informed that both the government's presentation of the terms of the plea agreement and the district court's order of concurrency were merely recommendations.
 
 
 16
 In 1982, when petitioner was originally sentenced, district courts lacked the authority to order the Bureau of Prisons to run a prisoner's sentences concurrently or consecutively. United States v. Herb, 436 F.2d 566, 568 (6th Cir.1971) (per curiam). "[D]esignation of the place of confinement of a person convicted of an offense rests exclusively with the Attorney General of the United States, and ... any provision in a judgment that the federal sentence is to run concurrently with a state sentence is legally ineffectual as an attempt by the Court to designate the place of confinement." Herb, 436 F.2d at 568 (relying on 18 U.S.C. Sec. 4082).[2] See also Elliott v. Warden, Seagoville, Texas, 838 F.2d 194, 196 (6th Cir.1988) (stating that a federal court can do no more than recommend concurrent state and federal sentences); United States v. Aleman, 609 F.2d 298, 309 (6th Cir.1979) (noting that the Attorney General designates the place of confinement and that a sentencing judge is limited to recommending a state prison as a place for service of a federal sentence), cert. denied, 445 U.S. 946 (1980); United States v. Allen, 588 F.2d 183, 184-85 (5th Cir.1979) (per curiam) (finding that federal law does not authorize federal courts to order sentences that run concurrently with state sentences).
 
 
 17
 The district court's lack of authority to mandate concurrent state and federal sentences does not, however, release the government from its obligation. Because the government made an unconditional promise to petitioner, a promise on which petitioner relied in entering his guilty plea, and a promise that the district court accepted, we must interpret and enforce the agreement as we would any other contract. United States v. Robison, 924 F.2d 612, 613 (6th Cir.1991); United States v. Mandell, 905 F.2d 970, 973 (6th Cir.1990). " 'As a general rule, fundamental fairness means that the courts will enforce promises made during the plea bargaining process that induce a criminal defendant to waive his constitutional rights and plead guilty.' " Robison, 924 F.2d at 613 (quoting Staten v. Neal, 880 F.2d 962, 963 (7th Cir.1989)). Petitioner is entitled to an appropriate remedy in this case because he fully performed his part of the agreement by pleading guilty, and the government breached the agreement by failing to uphold its obligations. See Robison, 924 F.2d at 613.
 
 
 18
 The record clearly reflects that the government's obligation to petitioner was an unconditional promise to recommend concurrent state and federal sentences. The district court accepted the plea agreement that contained this obligation by the government. The Bureau of Prisons, an agent of the Justice Department, which the government concedes is subject to the order of the Attorney General of the United States, has refused to honor the recommendation of concurrency. The unconditional nature of the government's commitment to petitioner, however, necessitates that the government order the Bureau of Prisons to calculate petitioner's sentences in accordance with the plea agreement.[3]
 
 III.
 
 19
 For the reasons stated, the judgment of the district court is REVERSED, and this case is REMANDED to the district court to determine the amount of time remaining on petitioner's federal sentences and to order enforcement of the plea agreement reached between petitioner and an assistant United States attorney.
 
 
 
 [1]
 As an initial matter, we note that petitioner's appeal under 18 U.S.C. Sec. 2255 is not moot, despite the fact that petitioner has been paroled. According to Bureau of Prisons' records, petitioner remains on parole and is thus considered in "custody" for purposes of this appeal. The determination of whether petitioner deserves credit for time served on a state sentence after he received federal sentences will affect the length of his parole and whether he remains on parole until June 29, 1999. Therefore, petitioner's challenge remains a live one. See Mabry v. Johnson, 467 U.S. 504, 506 n. 3 (1984) (stating that prisoner's Sec. 2254 action was not moot despite the fact that he had been paroled); see also Jones v. Cunningham, 371 U.S. 236, 238-39 (1963) (finding that availability of writ of habeas corpus to those persons in custody is not limited to those persons in physical confinement); Herron v. United States, 738 F.2d 134, 138-39 (6th Cir.1984) (finding "in custody" language in habeas corpus statutes equally applicable to Sec. 2255 actions), cert. denied sub nom. Ward v. Knoblock, 469 U.S. 1193 (1985)
 
 
 [2]
 At the time of petitioner's sentencing, the version of Sec. 4082(a) in effect read in relevant part:
 A person convicted of an offense against the United States shall be committed, for such term of imprisonment as the court may direct, to the custody of the Attorney General of the United States, who shall designate the place of confinement where the sentence shall be served.
 18 U.S.C. Sec. 4082(a).
 
 
 [3]
 Because of our disposition of the case, we do not find it necessary to consider petitioner's argument that if his federal and state sentences were not calculated to run concurrently, his plea would be involuntary because it was based on the false belief that his federal and state sentences would be served concurrently