**David P. REGER, Petitioner–Appellant,**

v.

**Suzanne R. HASTINGS, Respondent– Appellee.**

**No. 03–1781.**

United States Court of Appeals, Seventh Circuit.

Submitted April 5, 2004.*

Decided April 6, 2004.

David P. Reger, Pekin, IL, pro se.

Thomas A. Keith, Peoria, IL, for Respondent–Appellee.

Before BAUER, COFFEY, and ROVNER, Circuit Judges.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

## ORDER

A federal district court in Illinois sentenced David Reger to a term of imprisonment to be served concurrently with his earlier-imposed Iowa sentences, but Iowa has since been unwilling to reassume custody of Reger, and he suspects the reason is because Iowa intends for the federal and state sentences to instead run consecutively. Reger, who is currently serving his federal sentence at FCI–Pekin in the Central District of Illinois, petitioned in that district for a writ of habeas corpus under 28 U.S.C. § 2241 to either have the district court recalculate his federal sentence or else compel the Bureau of Prisons to release him to Iowa custody. The district court denied relief, and we affirm.

In October 1998 Reger was convicted of marijuana and cocaine charges in Iowa and sentenced to two concurrent five-year terms of imprisonment. While released on an appeal bond from those convictions, Reger was caught in Illinois selling forty ounces of cocaine to a confidential informant and indicted in federal court for possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Reger pled guilty and was sentenced to a term of 120 months' imprisonment to run concurrently with his Iowa sentences. In January 2002 the federal sentence was reduced to 96 months' imprisonment on the government's motion under Federal Rule of Criminal Procedure 35(b). Reger has been in continuous federal custody since his arrest in Illinois.

Iowa, however, lodged a detainer with federal authorities in October 1999 demanding that Reger be held at the completion of his federal sentence and turned over to state custody for service of his state sentences. The Bureau of Prisons ("BOP") acknowledged the detainer, noting in its records that "per Scott County the remaining 5 [year] sentence will run [consecutively] to his federal sentence." Reger attempted an informal resolution with the BOP, asking to be released immediately to Iowa custody so he could begin serving his state sentences while at the same time receiving credit for the time against his federal sentence. The BOP responded that, although the federal government recognized the concurrent nature of the sentences, it could not force Iowa to do so. During Reger's administrative appeals, the BOP informed him that it had contacted Iowa with an offer to transfer custody, and that Iowa had declined. Therefore, Reger was to remain in federal custody until the completion of his federal sentence.

After exhausting his administrative remedies, Reger brought his habeas corpus action, alleging that the BOP's actions violated his due process rights. He asked that the district court "issue an Order directing prison officials to release him to the custody of Iowa authorities" or reduce his federal sentence by five years "to cause his total sentence to conform with" what he believes would be the total period of incarceration but for Iowa's unwillingness to retake custody. The district court denied the petition, essentially holding that the coordination of a prisoner's state and federal sentences is "a matter of comity between to sovereigns" over which the individual prisoner can exert no control.

On appeal Reger argues that the district court erred when it determined that he was not entitled to habeas corpus relief. We disagree. Reger's petition was properly denied because it requested only relief to which he was not entitled. Reger asked the district court to shorten his sentence so that his federal and state time would add up to the 96 months he believes the sentencing court intended, but he did not present any grounds for a sentence adjustment that would be cognizable under

§ 2241. *See Romandine v. United States,* 206 F.3d 731, 735 (7th Cir.2001). He also asked that the district court order the BOP to turn him over to Iowa custody; however, a prisoner may not be transferred from federal to state custody without that state's consent. 18 U.S.C. § 3623; *Elliott v. Warden, Seagoville, Texas,* 838 F.2d 194, 196–97 (6th Cir.1988). Iowa has not accepted custody in Reger's case, and it is not required to do so. *Jake v. Herschberger,* 173 F.3d 1059, 1065 (7th Cir.1999). Additionally, we note that Reger's concerns about the total amount of time he will serve in federal and state confinement are purely speculative. It may well be that Iowa has declined to accept custody of him simply because it does not wish to bear the costs of incarceration and that it will release its detainer upon the completion of Reger's federal sentence. It is not surprising that Iowa did not release the detainer when Reger filed his habeas petition, as the five years that would measure Reger's state sentence had not at that point elapsed. Regardless, any concerns Reger has with the coordination of his state and federal sentences should be directed to Iowa state courts, *see Merchant v. Iowa,* 374 N.W.2d 245, 246–47 (Iowa 1985), for as the district court properly held, he is not entitled to federal habeas corpus relief.

Accordingly, the judgment of the district court is AFFIRMED.